FRED M. PARRISH ET AL. v. CHARLES E. HARTMAN ET AL.

(Filed 13 October, 1937.)

1. **Appeal and Error § 10b—**

The allowance by the judge of the Superior Court of appellee's motion to strike out appellant's purported statement of case on appeal is without error upon the court's finding that the statement of case on appeal was not filed within the time allowed.

2. **Appeal and Error § 31b—**

Failure to have a statement of case on appeal does not *ipso facto* work a dismissal, but the Supreme Court may review the record proper for errors appearing upon its face.

3. **Judgments § 17b—**

Where the verdict establishes defendant's indebtedness to plaintiff, but does not award interest, a judgment for the indebtedness with interest from the date the indebtedness was incurred is in excess of the verdict and will be modified to conform to the verdict.

APPEAL by defendants from *Clement, J.,* at December Term, 1936, of YADKIN.

Civil action to recover of Charles E. Hartman the sum of $2,500 with interest, and to have the same declared a lien on certain lands in Yadkin County.

The jury returned the following verdict:

"1. Is C. E. Hartman the owner of the land described in the complaint in fee simple? Answer: 'Yes.'

"2. What sum is C. E. Hartman indebted to the plaintiffs? Answer: '$2,500.'

"3. Is said sum a charge upon the lands, as alleged in the complaint? Answer: 'Yes.' "

The verdict appears on the record three times, twice as above, and once with the second issue answered: "$2,500, with interest from 31 January, 1933."

In the judgment it is decreed that "the said $2,500, with interest from 5 January, 1933, be and the same is hereby adjudged a charge and lien on the lands above referred to."

The defendants gave notice of appeal in open court, and were allowed 40 days to prepare and serve their statement of case on appeal. The trial term of court adjourned 17 December, 1936, and appellants' statement of case on appeal was served 4 February, 1937. The judge finds as a fact that appellants' "Case" was not served within the time allowed, and, upon motion of appellees, ordered that the same be stricken from the file of the papers in the case. From this ruling, defendants also appeal.

*Parrish & Deal for plaintiffs, appellees.*
*Grant & Grant for defendants, appellants.*

· STACY, C. J. The order striking out defendants' purported statement of case on appeal, because not served in time, is supported by a long line of decisions, of which *S. v. Moore,* 210 N. C., 686, 188 S. E., 421, may be cited as the most recent. The failure to have a "case on appeal," however, does not *ipso facto* work a dismissal. *Roberts v. Bus Co.,* 198 N. C., 779, 153 S. E., 398. *Non constat* that error may not appear on the face of the record proper. · *Edwards v. Perry,* 208 N. C., 252, 179 S. E., 892; *Wallace v. Salisbury,* 147 N. C., 58, 60 S. E., 713.

Here, error does appear on the face of the record proper. The judgment is in excess of the verdict in its award of interest on the recovery. This will be modified so as to conform with the verdict as it appears of record in the Superior Court of Yancey County.

Modified and affirmed.