STATE v. BAXTER PARNELL.

(Filed 23 November, 1938.)

**1. Criminal Law § 78b—**

Defendant is not entitled to consideration of assignments of error to the charge which are not supported by exceptions, but in capital cases the Supreme Court may nevertheless consider the assignments of error.

**2. Criminal Law § 83—Motion to affirm allowed in this case, defendant's assignment of error being without merit and no error appearing of record.**

On this appeal from conviction of a capital crime, the "case on appeal" was served on the solicitor and then filed in the Supreme Court without agreement of the solicitor or settlement by the judge, before expiration of the time allowed for filing exceptions or countercase, C. S., 643, 644, and before the lapse of sufficient time for it to have been deemed approved under C. S., 643. Assignments of error were attached to the "case on appeal" but were not supported by exceptions. The Supreme Court considered the "case on appeal" as "deemed approved" at the time of hearing the appeal, and considered the assignments of error, since the life of defendant is involved. *Held:* The assignments of error being without merit, and the case appearing to have been tried in strict conformity to the law appertaining to the evidence and the charge, the Attorney-General's motion to affirm is allowed.

**3. Criminal Law § 80—**

The failure to have a "case on appeal" or proper assignments of error does not perforce work a dismissal of the appeal.

APPEAL by defendant from *Armstrong, J.,* at August Term, 1938, of CABARRUS.

Criminal prosecution tried upon indictment charging the defendant with the murder of one Jane Fink.

Verdict: Guilty of murder in the first degree.

Judgment: Death by asphyxiation.

Defendant appeals.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Wettach for the State.*

*R. Furman James and C. M. Lewellyn for defendant.*

STACY, C. J. At the August Term, 1938, Cabarrus Superior Court, the defendant herein, Baxter Parnell, was tried upon indictment charging him with the murder of one Jane Fink, which resulted in a conviction of murder in the first degree and sentence of death. From the judgment thus entered, the defendant gave notice of appeal to the Supreme Court and by consent was allowed sixty days within which to make out and serve his statement of case on appeal, and the solicitor was given thirty days thereafter to prepare and file exceptions or countercase. Service of defendant's "case on appeal and assignments of error" was accepted by the solicitor on 1 October, 1938. This was filed in the Supreme Court as the "case on appeal" on 4 October, 1938, without agreement of the solicitor or "settlement" by the judge. C. S., 643 and 644; *S. v. Ray,* 206 N. C., 736, 175 S. E., 109; *Carter v. Bryant,* 199 N. C., 704, 155 S. E., 602. Nor had sufficient time then elapsed for it to be "deemed approved" under the statute. C. S., 643; *S. v. Ray, supra.*

Thereafter, on 19 October, 1938, upon the call of the docket from the Fifteenth District, the district to which the appeal belongs, the Attorney-General lodged a motion to dismiss the appeal for failure to file brief and for imperfections in the record. A counter-motion for time to cure the defects in the transcript, to file brief, etc., was allowed because of illness of counsel which necessitated the appointment of additional counsel to prosecute the appeal. *S. v. Moore,* 210 N. C., 459, 187 S. E., 586.

Five assignments of error, all directed to the charge, are attached to the "case on appeal"—considering it now as "deemed approved"—but these assignments are based on no exceptions. *Rawls v. Lupton,* 193 N. C., 428, 137 S. E., 175. Only exceptive assignments of error are availing on appeal. *In re Beard,* 202 N. C., 661, 163 S. E., 748; *S. v. Freeze,* 170 N. C., 710, 86 S. E., 1000.

Notwithstanding the insufficiency of the assignments of error to raise the questions sought to be presented, as the defendant's life is at stake, we have examined the matters therein pointed out and find them to be without substantial merit. *S. v. Moore,* 210 N. C., 686, 188 S. E., 421. The case seems to have been tried in strict conformity to the law appertaining to the evidence and the charge.

The failure to have a "case on appeal" or proper assignments of error, does not perforce work a dismissal of the appeal. *Parrish v. Hartman,* 212 N. C., 248, 193 S. E., 18; *McMahan v. R. R.,* 203 N. C., 805, 167 S. E., 225; *Roberts v. Bus Co.,* 198 N. C., 779, 153 S. E., 398. *Non*

*constat* that error may not appear on the face of the record proper. *Edwards v. Perry*, 208 N. C., 252, 179 S. E., 892; *Wallace v. Salisbury*, 147 N. C., 58, 60 S. E., 713.

The motion to affirm will be allowed. *S. v. Dawkins*, 190 N. C., 443, 129 S. E., 814; *McNeill v. R. R.*, 117 N. C., 642, 23 S. E., 268.

Affirmed.