STATE v. BOB COUCH.

(Filed 12 April, 1944.)

Appeal and Error § 30b: Criminal Law § 80—

While failure to serve "case on appeal" may not perforce, in and of itself, entitle appellee to a dismissal, motion to dismiss will be allowed, where the record shows on its face that an appeal would be frivolous or could only be taken for the purpose of delay.

MOTION by State to docket and dismiss appeal under Rule 17.

*Attorney-General McMullan and Assistant Attorney-General Patton for the State.*

STACY, C. J. At the February Term, 1944, Yadkin Superior Court, the defendant herein, Bob Couch, was tried upon indictment charging him, among other things, with the larceny of a sewing machine, valued at $75, the property of the Board of Education of Yadkin County, which resulted in a conviction of larceny and sentence of two years on the roads.

From the judgment thus entered, the defendant gave notice of appeal to the Supreme Court. No extension of time for serving case, counter-case or exceptions was allowed. Appeal bond was fixed at $75 and appearance bond at $2,500.

The clerk certifies that no appeal bond, no order allowing the defendant to appeal *in forma pauperis,* and no case on appeal has been filed in his office; that the time for perfecting the appeal has expired, and that no agreement extending the time for service of case on appeal, or order allowing the same, has been filed. The solicitor of the district also certifies that the time for service of case on appeal has expired.

While failure to serve "case on appeal" may not perforce, in and of itself, entitle the appellee to a dismissal of the appeal, *S. v. Parnell,* 214 N. C., 467, 199 S. E., 601, nevertheless it appears from an inspection of the record proper that an appeal for errors appearing on the face thereof would be frivolous and could only be taken for the purpose of delay. On this showing, the motion is allowed. *S. v. Morrow,* 220 N. C., 441, 17 S. E. (2d), 507.

Appeal dismissed.