STATE v. SIMMIE WILLIAMS.

(Filed 16 April, 1952.)

**1. Criminal Law § 78c—**

The Supreme Court will consider only questions presented by assignments of error based upon exceptions pointing out some alleged error appearing in the record and brought forward in the statement of case on appeal.

**2. Criminal Law § 80b (3)—**

Failure of any proper exception or assignment of error does not work a dismissal of the appeal, since the appeal itself constitutes an exception to the judgment.

**3. Criminal Law § 78c—**

An appeal without any proper exception or assignment of error presents only the question of whether error appears on the face of the record, and where the record discloses that the trial court had jurisdiction, that the bill of indictment charges a criminal offense, and that the verdict is in due form and the sentence pronounced within the limit permitted by law, the record fails to disclose error.

**4. Criminal Law § 54b—**

Any ambiguity in a verdict will be construed in favor of defendant.

**5. Larceny §§ 2, 10—**

A verdict establishing that defendant stole property of the value of more than fifty dollars is a conviction of nothing more than a misdemeanor notwithstanding anything to the contrary in the charge.

APPEAL by defendant from *Carr, J.,* January Term, 1952, WAKE. No error.

Criminal prosecution under a bill of indictment charging the felony of larceny.

In the trial below the jury returned a verdict of "GUILTY OF LARCENY OF PROPERTY OF THE VALUE IN EXCESS OF $50.00." The court pronounced judgment on the verdict that defendant be confined in the common jail of Wake County for a term of eighteen months to be assigned to work the public roads under the supervision of the State Highway and Public Works Commission. Defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*John R. Hood for defendant appellant.*

BARNHILL, J. The record does not contain a single exception. Appellant must except to the rulings of the trial judge which he desires this Court to review. The exception must be confined to something alleged as error which appears in the record. He must likewise set out in his statement of case on appeal his exceptions thus entered. "No exceptions not thus set out, or filed and made a part of the case or record, shall be considered by this Court . . ." Rule 21, Rules of Practice in the Supreme Court, 221 N.C. 558; *S. v. Parnell,* 214 N.C. 467, 199 S.E. 601; *Bell v. Nivens,* 225 N.C. 35, 33 S.E. 2d 66.

An assignment of error alone will not suffice. Only an assignment of error bottomed on an exception duly entered in the record will serve to present a question of law for this Court to decide. *S. v. Jones,* 182 N.C. 781, 108 S.E. 376; *S. v. Parnell, supra.*

Even so, failure to have any proper exception or assignment of error does not perforce work a dismissal of the appeal, for the appeal itself constitutes an exception to the judgment. *S. v. Parnell, supra; Bell v. Nivens, supra.*

This exception presents the one question: Is there error appearing on the face of the record? On this appeal it must be answered in the negative. The court below had jurisdiction. The bill of indictment charges a criminal offense. The verdict is in due form and the sentence pronounced is within the limits permitted by law.

Any ambiguity in a verdict will be construed in favor of the defendant. A finding that defendant stole property of the value of more than $50

is not a finding that the property had a value of more than $100. G.S. 14-72. Hence, notwithstanding anything the trial judge may have said to the jury in his charge, the defendant stands convicted of nothing more than a misdemeanor. He has suffered no loss of citizenship.

The Attorney-General moves to dismiss the appeal for the reason the defendant has filed nothing more than a "pass" brief. Rule 28, Rules of Practice in the Supreme Court, 221 N.C. 562. There is merit in the motion. Even so, in view of our disposition of the appeal, we may pass the motion without ruling thereon.

As the record fails to disclose any error in the trial of which this Court may or will take notice, the judgment entered must be affirmed.

No error.