## CAMPBELL v. STATE

[No. 174, September Term, 1962.]

*Decided February 19, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, HORNEY and SYBERT, JJ.

*Morris Lee Kaplan,* with whom was *Michael Lee Kaplan* on the brief, for the appellant.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Joseph G. Koutz, Deputy State's Attorney,* on the brief, for the appellee.

PER CURIAM.

This record reveals no ground whatsoever to support appel-

22

lant's claim of insufficiency of evidence to convict him of armed robbery and carrying a deadly weapon. Three witnesses positively identified him as one of two men who rifled the cash register in a restaurant at revolver point. The trial court in this non-jury case was entitled to believe them, rather than an alibi witness who placed appellant elsewhere. Maryland Rule 886; *Knuckles v. State,* 228 Md. 318.

Prior to his trial appellant requested the court to appoint another attorney in lieu of his court-appointed counsel, but, when asked whether there was any good reason for a change in lawyers, he replied: "That is all right." He now claims error in the refusal of his request. In the absence of any substantial reason for replacement of counsel (none was advanced here), an indigent defendant must accept counsel appointed by the court, unless he desires to present his own defense. *Brown v. United States,* 264 F. 2d 363, 367 (D.C. Cir.); cf. *Murray v. Director,* 228 Md. 658, 660. But even if the question raised had any merit, it was plainly waived by appellant.

*Judgments affirmed.*