· STATE OF NORTH CAROLINA v. WADE F. MORGAN.

(Filed 22 November, 1967.)

**1. Criminal Law § 161—**

An appeal itself constitutes an exception to the judgment and presents for review the sole question whether error appears upon the face of the record proper.

**2. Constitutional Law § 32—**

An indigent defendant, who has been fully advised by the court that an attorney would be appointed to represent him if he so desired, has the right to reject the offer of such appointment and to represent himself in the trial of his case.

APPEAL by defendant from *Canaday, J.,* at the 2nd February 1967 Criminal Session of WAKE.

The defendant was brought to trial upon an indictment charging that on 10 October 1966, while he was lawfully confined in the North Carolina State Prison System in the custody of the superintendent of the Central Prison, pursuant to sentences for breaking and entering and for larceny, and while assigned to work outside the prison under the Work Release Program, he unlawfully, wilfully and feloniously failed to return to the custody of the superintendent of the Central Prison.

When brought to trial, the defendant, both in writing and orally in the presence of the court, expressly stated that he was unable to employ counsel but that he did not desire the appointment of counsel, expressly waived such appointment, and desired to appear in all respects in his own behalf. Being permitted so to appear in his own behalf, he entered a plea of guilty to the charge in the indictment.

Before accepting the plea, the presiding judge, in open court, caused the defendant to be sworn and examined as to the voluntary nature of the plea. Thereupon, the judge found that the defendant had waived the appointment of counsel, had been fully advised of his rights, of the charge against him and of the maximum punishment for such offense, and further found that the plea of guilty was made by the defendant freely, understandingly and voluntarily without undue influence, compulsion or duress and with no promise of leniency. The judge thereupon ordered that the plea of guilty be entered in the record.

The court then heard testimony of Sgt. Dupree of the North Carolina Prison Department, who testified that the defendant was in custody at the Central Prison on 10 October 1966, serving sentences for breaking and entering and larceny, that under the Work Release Program he was assigned on that date to work with the Raleigh Electric Company, that he was seen working on the job at about noon on that date and was not seen thereafter until two months and 19 days later, when he was recaptured by the sheriff of Lake County, Ohio. The court then gave the defendant an opportunity to make a statement, which he did, offering no explanation for his failure to return to the prison from his work release assignment.

The court entered judgment that the defendant be imprisoned in the State's Prison for 12 months, the sentence to begin at the expiration of any and all sentences then being served by the defendant in the North Carolina State Prison System.

The defendant did not give notice of appeal in open court. Four days after the entry of the judgment he mailed to the clerk of the Superior Court a notarized notice of appeal. For some reason, which does not appear in the record, this letter was not received in the

superior court until 13 days after it was mailed and 17 days after the entry of the judgment. The judge presiding at the March Term, to whose attention this notice of appeal was brought, found that the notice reached the superior court more than ten days after the time allowed by the law for the service thereof but, in his discretion, ordered that notice of appeal be docketed and that the defendant be allowed to perfect his appeal *in forma pauperis,* and appointed counsel to represent the defendant in the preparation and presentation of his appeal.

The defendant took no exception to any order or ruling of the superior court and the only assignment of error is to the entry of the judgment.

*Attorney General Bruton and Deputy Attorney General Bullock for the State.*

*Alton W. Kornegay for defendant appellant.*

PER CURIAM.    The appeal to this Court is, itself, an exception to the entry of the judgment in the superior court and assigns such judgment as error. Such assignment presents for the consideration of this Court the sole question of whether error appears upon the face of the record proper, including the regularity of the judgment so entered. *State v. Mallory,* 266 N.C. 31, 145 S.E. 2d 335; *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330. No error appears upon the face of the record in this case. The indictment is proper in form and sufficiently alleges the offense of escape while serving a sentence for conviction of a felony. The sentence imposed is within the limits fixed by G.S. 148-45(a) for this offense. The judgment was regular in form. There is ample evidence to support the finding of the court that the plea of guilty was entered voluntarily and understandingly. The defendant does not contend otherwise. Having been fully advised by the court that an attorney would be appointed to represent him if he so desired, he had the right to reject the offer of such appointment and to represent himself in the trial and disposition of his case. *State v. Elliott, supra; State v. McNeil,* 263 N.C. 260, 139 S.E. 2d 667. There was no rejection by him of the appointment of counsel upon the appeal to this Court.

Affirmed.