### STATE OF NORTH CAROLINA v. RIP ALSTON.

(Filed 13 December, 1967.)

**1. Constitutional Law § 32—**

Where a defendant, after full explanation of his rights, repeatedly refuses the court's offer to appoint him counsel as an indigent, the court may not force counsel upon him, and defendant's own evidence in this case held to disclose that he had ample mental capacity to determine the matter for himself.

**2. Narcotics § 4—**

Evidence in this case *held* amply sufficient to support defendant's conviction of illegal possession of marijuana on the dates specified in the indictments.

APPEAL by defendant from *Burgwyn, E.J.,* July 1967 Criminal Session (Conflict) DURHAM Superior Court.

The defendant was charged in two similar indictments with the violation of G.S. 90-88 in that he had illegal possession of marijuana on December 19 and December 21, 1966. With his consent, the cases were tried together and verdicts of guilty were returned. Upon judgments of five (5) years' imprisonment in both cases, running concurrently, the defendant appealed.

*M. Hugh Thompson, Court-appointed Counsel for defendant appellant.*

*T. W. Bruton, Attorney General, and James F. Bullock, Deputy Attorney General.*

PER CURIAM. When the defendant came before the Bar, the presiding judge was most solicitous. He emphasized that the defendant was entitled to an attorney and did everything but force the defendant to accept the services of court-appointed and expense-free counsel. The defendant was emphatic in his refusal. He told the Court that "[he] could do it [defend himself] as well as any lawyer." The Court then apparently reluctantly permitted the defendant to go to trial after having made findings in full compliance with *Johnson v. Zerbst,* 304 U.S. 458, 58 S. Ct. 1019, 82 L. ed. 1461, and *Powell v. Alabama,* 287 U.S. 45, 53 S. Ct. 55, 77 L. ed. 158.

The gist of all these rulings is concisely stated in *Gideon v. Wainwright,* 372 U.S. 335, 83 S. Ct. 792, 9 L. ed. 2d 799:

> "Counsel must be provided for defendants unable to employ counsel unless the right is competently and intelligently waived."

In *State v. Pritchard,* 227 N.C. 168, 41 S.E. 2d 287, Chief Justice Stacy said:

> "The defendant insisted on trying his own case, which he had every right to do under the statute. G.S. 1-11. He proved to be a poor lawyer and an unwise client."

In *State v. McNeil,* 263 N.C. 260, 139 S.E. 2d 667 and *State v. Bines,* 263 N.C. 48, 138 S.E. 2d 797, we held that the constitutional right to counsel does not justify forcing counsel upon an accused who wants none.

To represent him in this appeal, the defendant has accepted the services of court-appointed counsel who urges that the defendant did not have sufficient intelligence to knowingly and understandingly waive the right to counsel. The defendant is a high school graduate, worked at a radio station, booked bands for dances, operated a business in Durham (Speedie Products), and is writing a religious book. His activities refute his lawyer's claim.

The evidence for the State tended to show that on December 19 the defendant delivered ten packages of marijuana to Gossie Hudson, for which he received $50.00. On December 21, he gave another package of marijuana to Hudson.

The defendant did not testify, and this was his right. Neither did he offer other witnesses to refute the State's evidence. He cross-examined the State's witnesses with some degree of skill, but left the evidence against him with no contradiction. It was quite sufficient to support the verdicts against him. His exception to the failure of the Court to set them aside is overruled.

In his trial, we find

No error.