STATE OF NORTH CAROLINA v. RALPH WINSTON HITCHCOCK
No. 6921SC178

(Filed 28 May 1969)

1. **Criminal Law § 161— necessity for exceptions**
   Where no exceptions appear in the record, defendant's assignments of error are ineffectual since an assignment of error must be based on an exception duly noted.

2. **Criminal Law §§ 158, 163— exception to the charge — inclusion of charge in record**
   The charge of the trial court must be included in the record on appeal in all cases where there is exception thereto. Court of Appeals Rule No. 19(a).

3. **Criminal Law § 161— appeal as exception to judgment**
   An appeal itself is an exception to the judgment which presents for review error appearing on the face of the record.

4. **Criminal Law § 161— review of record proper**
   Where defendant's assignments of error are ineffectual and no error appears on the face of the record proper, the judgment below must be affirmed.

APPEAL by defendant from *Bailey, J.,* 9 December 1968, Two-Week Criminal Session of Superior Court of FORSYTH County.

The defendant was tried in the Municipal Court of Winston-Salem on a warrant which charged that he "did unlawfully and willfully drive a motor vehicle upon the public highway of N. C. . . . while under the influence of intoxicating liquor. . . ." From a verdict of guilty and sentence imposed, the defendant appealed to the Superior Court. In Superior Court the defendant entered a plea of not guilty and trial was by jury. The evidence for the State tended to show that while being pursued by a deputy sheriff the car which the defendant was driving left the road at a high rate of speed and finally came to rest against a telephone pole; that the defendant could not stand up after getting out of the car; that there was a strong smell of alcohol on the defendant's breath; that the defendant's speech was unclear; and that the defendant could not walk without assistance. In the opinion of the arresting officer, the defendant "was under the influence of an intoxicating beverage to the extent that his mental and physical faculties were appreciably impaired." The evidence for the defendant tended to show that he had had only "two beers" on the day of the accident; that striking a "chuck hole" was the cause of the accident; and that his appearance was caused by the fact that he was "stunned" and "dazed" as a result of the accident. The jury found the defendant guilty as charged in the warrant.

From the judgment imposing a prison sentence of thirty days the defendant appealed to the Court of Appeals, assigning error.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin, and Staff Attorney T. Buie Costen for the State.*

*Badgett and Calaway by Richard G. Badgett for defendant appellant.*

MALLARD, C.J.

[1, 2] No exceptions appear in the record, and none were noted or taken by the defendant except under the assignments of error. Such exceptions are ineffectual since an assignment of error must be based on an exception duly noted. *Darden v. Bone,* 254 N.C. 599, 119 S.E. 2d 634; *State v. Dilliard,* 223 N.C. 446, 27 S.E. 2d 85. See also Rule 21 of the Rules of Practice in the Court of Appeals of North Carolina. "It would require a tedious and time-consuming voyage of discovery for us to ascertain upon what the appellant is relying to show error, and our Rules and decisions do not require us to make any such voyage." *Barnette v. Woody,* 242 N.C. 424, 88 S.E. 2d 223. In addition, Rule 19(a) of the Rules of Practice in this Court require that the charge of the trial court be included in the

record on appeal in all cases "where there is exception thereto." In the present case, the charge of the trial court is not set forth in the record on appeal as required by the rules. The Attorney General on behalf of the State has made a motion to dismiss this appeal for failure to comply with the rules and the case is subject to such dismissal.

[3, 4]    Apart from the foregoing, an appeal itself is an exception to the judgment which presents for review error appearing on the face of the record. *London v. London,* 271 N.C. 568, 157 S.E. 2d 90; *State v. Ayscue,* 240 N.C. 196, 81 S.E. 2d 403; *State v. Williams,* 235 N.C. 429, 70 S.E. 2d 1. We have carefully examined the record proper. The Superior Court had jurisdiction. The warrant charges in proper form a criminal offense. The verdict is in correct form and the sentence imposed is within the limits fixed by statute. In the absence of any prejudicial error of which this Court may or will take notice, the judgment below must be affirmed. *State v. Williams, supra.*

No error.

BRITT and PARKER, JJ., concur.