STATE OF NORTH CAROLINA v. MARSHALL MOORE

No. 6926SC395

(Filed 19 November 1969)

1. Criminal Law § 157— appeal — necessary parts of record proper

   The record proper in a criminal case consists of the bill of indictment or warrant, the plea on which the case is tried, the verdict and the judgment from which appeal is taken, but does not include, technically speaking, the charge and the evidence.

2. Criminal Law § 161— appeal as exception to the judgment

   An appeal itself is an exception to the judgment which presents for review error appearing on the face of the record.

3. Criminal Law §§ 162, 163— appeal — necessity for exceptions — charge — evidence

   The Court of Appeals will not consider error in the charge and the evidence which has not been made the subject of an exception or assignment of error. Rule of Practice in the Court of Appeals No. 21.

4. Constitutional Law § 32— right to counsel — dissatisfaction by defendant

   Notwithstanding indigent defendant's general expression of dissatisfaction with his court appointed counsel during the course of the trial, the court properly ordered the trial to proceed with counsel, where (1) no motion was made by defendant or his counsel that counsel be permitted to withdraw or that he be discharged, (2) defendant did not suggest that counsel was incompetent, and (3) defendant expressed no desire to represent himself.

APPEAL by defendant from Falls, J., 7 April 1969 Schedule "B" Session of Superior Court for MECKLENBURG County.

Defendant was tried under a bill of indictment charging him with larceny of property of the value of more than two hundred dollars. The only evidence was that offered by the State and it tended to show that shortly after midnight, on 3 March 1969, two police officers observed the defendant operating a 1967 Oldsmobile station wagon at a high rate of speed in the City of Charlotte. The officers turned on the blue light and siren of their patrol car and followed the defendant for several blocks. The defendant did not stop until he wrecked into a chain link fence across the end of a dead end street. The station wagon was owned by one Carwell Crawford and had been removed without his permission from in front of a grill on Seventh Street approximately three hours earlier. Crawford testified that the value of the station wagon was approximately $2500.00 on 2 March 1969.

Judgment was entered imposing a prison sentence of not less

than seven nor more than ten years. The defendant personally gave notice of appeal in open court and the same attorney appearing for him at the trial was appointed to prosecute his appeal.

*Robert Morgan, Attorney General, and Millard R. Rich, Jr., Assistant Attorney General, for the State.*

*Clark C. Totherow for defendant appellant.*

GRAHAM, J.

This case was submitted on briefs without oral argument and pursuant to Rule 10, Rules of Practice in the Court of Appeals of North Carolina.

The only purported assignment of error appearing in the record is as follows:

"The defendant appellant excepts to the trial of his case with the undersigned as his court appointed attorney. He, is of the opinion, that the record of trial will speak for itself."

Defendant's counsel prepared and docketed the record on appeal which includes a narration of the evidence and the court's charge as well as the record proper. In his brief counsel states:

". . . I have searched the *record proper* and am unable to find any error in the *record proper* that merits the court's consideration, whereby the defendant would be entitled to any relief by the court." (emphasis added).

**[1, 2]** Technically speaking, the charge and the evidence are not a part of the record proper. *Carruthers v. R. R.,* 218 N.C. 377, 11 S.E. 2d 157. 1 Strong, N.C. Index, Appeal and Error, §§ 40, 41. The record proper in a criminal case consists of the bill of indictment or warrant, the plea on which the case is tried, the verdict and the judgment from which appeal is taken. *State v. Stubbs,* 265 N.C. 420, 144 S.E. 2d 262. An appeal itself is an exception to the judgment which presents for review error appearing on the face of the record. *State v. Ayscue,* 240 N.C. 196, 81 S.E. 2d 403; *State v. Williams,* 235 N.C. 429, 70 S.E. 2d 1; *State v. Hitchcock,* 4 N.C. App. 676, 167 S.E. 2d 545.

**[3]** Even though the charge and evidence is included in the case on appeal, if error appears therein, it has not been made the subject of an exception or assignment of error and is therefore not before us for consideration. Rule 21, Rules of Practice in the Court of Appeals of North Carolina; *State v. Jones,* 275 N.C. 432, 168 S.E. 2d

380. We have, however, examined the record proper. The Superior Court had jurisdiction. The bill of indictment charges in proper form a criminal offense. The verdict and judgment are in proper form and the sentence imposed is within the limits fixed by statute. We agree with counsel that no error appears on the face of the record proper. *State v. Williams, supra; State v. Hitchcock, supra.*

Defendant's exception to having been tried with counsel appearing herein representing him, though not timely or in proper form, has been considered by us and found without merit.

[4]    The record indicates that at sometime before the trial the defendant was determined indigent and counsel was assigned by the court. The order finding defendant indigent and assigning counsel does not appear in the record and we have no way of knowing the date on which counsel was appointed. Before the jury was impaneled the defendant complained of his court appointed counsel and stated to the court outside the presence of the jury selected to try the case:

> "Well, Judge, your Honor, I think I was assigned Mr. Totherow as my attorney. We have had several discussions and in my opinion, he approaches my case with a negative attitude, as if my chances of being proven innocent is [sic] minute, very small, and I consider myself to be innocent of this crime. . . . I at least, want to be tried with a lawyer that considers me to have some chances of my innocence being proven. . . . I discussed this with him and we had recently agreed that it would be no reflection upon his character whatsoever that if he were to withdraw himself from the case."

No motion was made by defendant or his counsel that counsel be permitted to withdraw or that he be discharged. The defendant did not suggest to the court that counsel was not professionally competent nor did he express a desire to represent himself. An expression by a defendant of an unfounded dissatisfaction with his court appointed counsel does not entitle him to the services of another court appointed attorney. *People v. Terry,* 36 Cal. Reptr. 722. It is well settled that an indigent defendant must accept counsel appointed by the court, unless he desires to present his own defense. *State v. Alston,* 272 N.C. 278, 158 S.E. 2d 52; *State v. Morgan,* 272 N.C. 97, 157 S.E. 2d 606; *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330; *State v. McNeil,* 263 N.C. 260, 139 S.E. 2d 667; *Campbell v. State of Maryland,* 231 Md. 21, 188 A. 2d 282; *Brown v. United States,* 105 U.S. App. D.C. 77, 264 F. 2d 363. In *State v. McNeil, supra,* Parker, C.J., quotes as follows from an annotation appearing in 157 A.L.R. 1225, *et seq.,* and entitled "Right of defendant in criminal case to discharge

of, or substitution of other counsel for, attorney appointed by court to represent him."

> " 'The right to such discharge or substitution is to this extent relative, and the authorities seem united in the view that if there is fair representation by competent assigned counsel, proceeding according to his best judgment and the usually accepted canons of criminal trial practice, no right of the defendant is violated by refusal to accede to his personal desire in the matter.' " 263 N.C. 260, 270; 157 A.L.R. 1226.

Under the circumstances of this case we hold that the court properly ordered the trial to proceed with counsel originally appointed by the court in charge of the case. Nothing appears in the record before us to suggest that the defendant was not represented in a competent manner at the trial below.

No error.

CAMPBELL and PARKER, JJ., concur.