STATE OF NORTH CAROLINA v. JAMES DAVIS SCOTT, ALIAS RAYMOND
EDDIE HAIRSTON

No. 7021SC172

(Filed 27 May 1970)

**1. Constitutional Law § 32— defendant's dissatisfaction with court-appointed counsel**

Trial court's refusal to allow court-appointed counsel to withdraw from the case was proper where (1) defendant's chief complaint was that counsel had not arranged reasonable bail and (2) there was nothing in the record to indicate that counsel failed to provide defendant with proper representation.

**2. Criminal Law § 91— continuance**

A motion for a continuance is ordinarily addressed to the discretion of the trial court, and its ruling thereon is not subject to review absent abuse of discretion.

**3. Criminal Law § 91— continuance — missing witness**

Refusal of the trial court to grant defendant's motion for continuance until his witnesses could be found was not reversible error, where (1) several months had elapsed between time of the offense and time of the trial, (2) an attorney had been appointed for defendant more than a month prior to trial, and (3) two of the witnesses had been subpoenaed several days prior to trial but could not be located by the police.

APPEAL by defendant from *Gambill, J.,* 13 October 1969 Session, FORSYTH Superior Court.

In a bill of indictment returned at the 25 August 1969 Session of Forsyth Superior Court, defendant was charged with feloniously breaking and entering a building occupied by Ed Owens Chrysler-Plymouth, Inc. Defendant pleaded not guilty.

Evidence for the State tended to show that defendant and another man were found by police around 2:00 a.m. in the place of business named in the indictment; the building had been entered through a window and the office area had been thoroughly ransacked, with papers and other personalty scattered all over the place.

Defendant testified as a witness for himself. He admitted being in the building when police arrived but denied ransacking the office or disturbing any property in the building, contending that the building had been entered earlier that night and that he and his companion entered by a window broken by previous intruders. He further testified that he was intoxicated at the time, had been in the building only five minutes when apprehended, and had no intention of stealing anything from the building. Police officers testi-

fied that defendant was not intoxicated when they found him in the building.

In submitting the case, the trial judge instructed the jury that they might find the defendant guilty as charged, guilty of non-felonious breaking and entering, or not guilty. The jury returned a verdict of guilty as charged and from judgment imposing prison sentence of from three to six years, defendant appealed.

*Attorney General Robert Morgan and Staff Attorney Thomas B. Wood for the State.*

*Deal, Hutchins & Minor by Richard Tyndall for defendant appellant.*

BRITT, J.

[1]   Defendant first assigns as error the court's refusal to allow court-appointed counsel to withdraw from the case. When the case was called for trial, Attorney Tyndall stated to the court, "Prior to pleading to the bill of indictment, I think the defendant has some comments he would like to make to the court." The jury was excused from the courtroom and an extended inquiry by the court followed. Defendant stated that he wanted another attorney, that he was not satisfied with Mr. Tyndall, that "I don't think he's working right on my case." The inquiry revealed that sixteen cases were pending against the defendant and his chief complaint against his attorney was that he had not arranged for reasonable bond to be set; the required bond at time of trial was $14,000. Attorney Tyndall moved for and insisted on an order allowing him to withdraw but the trial judge denied the motion, stating his doubt that defendant would be satisfied with any lawyer that the court might appoint.

In *State v. Moore*, 6 N.C. App. 596, 170 S.E. 2d 568 (1969), this Court, in an opinion by Graham, J., said:

"* * * The defendant did not suggest to the court that counsel was not professionally competent nor did he express a desire to represent himself. An expression by a defendant of an unfounded dissatisfaction with his court appointed counsel does not entitle him to the services of another court appointed attorney. *People v. Terry*, 36 Cal. Rptr. 722. It is well settled that an indigent defendant must accept counsel appointed by the court, unless he desires to present his own defense. *State v. Alston*, 272 N.C. 278, 158 S.E. 2d 52; *State v. Morgan*, 272 N.C. 97, 157 S.E. 2d 606; *State v. Elliott*, 269 N.C. 683, 153 S.E. 2d

330; *State v. McNeil*, 263 N.C. 260, 139 S.E. 2d 667; *Campbell v. State of Maryland*, 231 Md. 21, 188 A. 2d 282; *Brown v. United States*, 105 U.S. App. D.C. 77, 264 F. 2d 363. * * *"

There is nothing in the record to indicate that Attorney Tyndall failed to provide defendant with proper representation. In fact, the record suggests that defendant had fared quite well because of the high quality of Mr. Tyndall's representation. The assignment of error is overruled.

[2, 3] Defendant's next assignment of error is to the refusal of the court to continue the case until defendant's witnesses could be found. It is well settled that a motion for a continuance is ordinarily addressed to the discretion of the trial court, and its ruling thereon is not subject to review absent abuse of discretion. 2 Strong, N.C. Index 2d, Criminal Law, § 91, p. 620. The record discloses that the offense complained of was committed on 8 March 1969, that defendant absented himself from the state for several months, that he was indicted by the grand jury on or about 25 August 1969, that an attorney was appointed for him on 8 September 1969 and that his case was called for trial on or after 13 October 1969. When defendant moved for a continuance on the ground that he wanted certain witnesses, the trial judge made due inquiry as to what defendant proposed to prove by the witnesses; the reply was that he wanted to show that he was an alcoholic and was drinking heavily a few hours before he was apprehended. Subpoenas for two of the desired witnesses were issued several days before the trial but the police were unable to locate the witnesses. We are of the opinion, and so hold, that no abuse of discretion by the trial judge has been shown, therefore, the assignment of error is overruled.

The two remaining assignments of error relate to the court's instructions to the jury. Reading the charge contextually, we find no reasonable cause to believe that the jury was misinformed or misled by the manner in which the law of the case was presented to them. *State v. Leach*, 272 N.C. 733, 158 S.E. 2d 782 (1968). The assignments of error are overruled.

The defendant received a fair trial, free from prejudicial error, and the sentence imposed was well within the limits provided by statute.

No error.

BROCK and HEDRICK, JJ., concur.