STATE OF NORTH CAROLINA v. OLIVER HILTON DICKERSON

No. 7018SC548

(Filed 16 September 1970)

1. **Criminal Law § 91; Constitutional Law § 30— removal of case from calendar until defendant expressed satisfaction with counsel and agreed to cooperate in defense**

     The trial court was without authority to order that defendant's case not be returned to the calendar until defendant furnished to the court a written statement that he was satisfied with his court-appointed attorney and that he would cooperate with him in the preparation and trial of the case.

2. **Criminal Law 91; Constitutional Law § 32— appointment of counsel unsatisfactory to defendant**

     While the court may not delay a trial indefinitely, over defendant's objection, pending his expression of satisfaction with counsel,

neither may a defendant insist that only counsel satisfactory to him be appointed to represent him, but defendant must accept counsel appointed by the court unless he desires to present his own defense.

**3. Contempt of Court § 2; Criminal Law § 98— disruptive conduct by defendant — inherent power of court — necessity for findings of fact**

If defendant's failure to cooperate with his attorney manifests itself in contemptous or disruptive conduct, the court has the inherent authority to deal with it, but it is essential in such instances, as in instances of an adjudication of direct contempt, that the particulars of the offense be specified on the record.

**4. Criminal Law § 98; Contempt of Court § 2— courtroom decorum — powers of court**

Trial judges have broad power to take whatever legitimate steps are necessary to maintain proper decorum and appropriate atmosphere in the courtroom during a trial, including the power to deal appropriately with an unruly defendant.

CERTIORARI to review order of *Collier, J.,* 2 March 1970 Session of GUILFORD County Superior Court.

Defendant was tried and convicted of felonious breaking and entering and felonious larceny at the 31 March 1969 Session of Guilford Superior Court. A new trial was granted upon appeal. *State v. Dickerson,* 6 N.C. App. 131, 169 S.E. 2d 510. Upon the call of the case for retrial defendant's court appointed counsel stated to the court that defendant desired that he be removed as counsel. Defendant confirmed this, stating:

"Your Honor, I would like to state, we discussed the capability of him representing me, and we did come to the conclusion he would discontinue his services and I would request defense counsel to represent me. . . . I can't understand why, he can't explain to me why I am being tried without—under the same circumstances I was tried in the previous case. I was tried twelve months ago. . . . I feel like it is double jeopardy to be tried twice."

The court explained to the defendant that the Court of Appeals had awarded a new trial because of error in the previous trial, and denied his request that new counsel be appointed to represent him.

After various other motions were made by defendant through his counsel, and denied by the court, the selection of the jury was begun. While the solicitor was questioning the prospective jurors, defendant rose to his feet without instruc-

State v. Dickerson

tions from the court or counsel and the record indicates that the following then transpired:

"THE COURT: Have a seat.
(The Defendant continued to stand.)

THE COURT: Have a seat.
(The Defendant continued to stand.)

THE COURT: HAVE A SEAT.
(The Defendant sat down.)

THE COURT: Members of the Jury, don't discuss the case during the recess. We will take about five minutes."

During recess, the court entered the following order:

"This case, having come on for hearing at the March 2, 1970, Criminal Session of the Superior Court of Guilford County, before the undersigned Judge Presiding, and the defendant having entered a plea of not guilty to the charge of storebreaking, larceny or receiving, through his Court-appointed attorney, Forrest Campbell, Esq., and prior to the completion of the selection of a Jury to hear said case,

THE COURT FINDS AS A FACT that the defendant in this case, by his words and conduct, refuses to cooperate with his Court-appointed attorney, Forrest Campbell, Esq., in the preparation and trial of his case, and the Court therefore DISMISSES the Court-appointed attorney, Forrest Campbell, Esq., and appoints the Public Defender to represent the defendant.

THE COURT DIRECTS that the case be continued for the Term, the case not to be returned to the calendar unless and until the defendant has furnished to the Court a written statement, signed by him, to the effect that the person who is appointed to represent him is satisfactory and that he will cooperate with said attorney appointed by the Court in the preparation for trial and in the trial of his case, and that he will abide by the rules and regulations of the Court and conduct himself in a proper manner before and during the trial of his case in Court; that until said statement is furnished to this Court the defendant shall be retained in the custody of the Department of Correction under bond of Ten Thousand ($10,000.00) Dollars, until he does furnish said statement to this Court, and his case is tried."

*Certiorari* was allowed upon petition of the defendant to review the order.

*Robert Morgan, Attorney General, by Mrs. Christine Y. Denson, Staff Attorney, for the State.*

*Wallace C. Harrelson, Public Defender Eighteenth Judicial District, for defendant appellant.*

GRAHAM, J.

[1] Defendant challenges the order on various grounds. We discuss only two. First, he contends that the court was without authority to require that he agree, as a prerequisite to receiving a trial, that he is satisfied with his court appointed attorney and will cooperate with him. We agree. It is impossible to force happiness or satisfaction on anyone. Under the terms of the order in question, if the defendant is not satisfied with his counsel, he must nevertheless represent to the contrary or forfeit his constitutional right to a speedy trial. Even though defendant's dissatisfaction may be ill-founded; if, in order to receive a trial, it is required that he deny that it exists, when in fact it does, the effect has been to require that he dishonestly represent his true feelings. His right to be tried may not be conditioned upon such a requirement.

[2] While the court may not delay a trial indefinitely, over a defendant's objection, pending his expression of satisfaction with counsel, neither may a defendant insist that only counsel satisfactory to him be appointed to represent him. An indigent defendant must accept counsel appointed by the court unless he desires to present his own defense. *State v. Alston,* 272 N.C. 278, 158 S.E. 2d 52; *State v. Morgan,* 272 N.C. 97, 157 S.E. 2d 606; *State v. Elliott,* 269 N.C. 683, 153 S.E. 2d 330; *State v. McNeil,* 263 N.C. 260, 139 S.E. 2d 667; *State v. Moore,* 6 N.C. App. 596, 170 S.E. 2d 568; *Campbell v. State of Maryland,* 231 Md. 21, 188 A. 2d 282; *Brown v. United States,* 105 U.S. App. D.C. 77, 264 F. 2d 363. " '[T]he authorities seem united in the view that if there is fair representation by competent assigned counsel, proceeding according to his best judgment and the usually accepted cannons of criminal trial practice, no right of the defendant is violated by refusal to accede to his personal desire in the matter.' " *State v. McNeil, supra.*

[3] Defendant's next contention is that there is no showing in the record as to what specific acts and conduct were relied

upon by the court as the basis for the action taken. This contention also has merit. The record shows that defendant voluntarily stood until instructed three times by the trial judge to sit down. However, whether he stood and continued standing for the purpose of disrupting the trial or otherwise demonstrating a contempt for the court does not affirmatively appear from the record or from any determination made and set forth in the record by the court. The basis of the order appears to be the court's finding: "[T]hat the defendant in this case, by his words and conduct, refuses to cooperate with his court-appointed attorney. . . ." Whether the "words and conduct" refer solely to defendant's act of voluntarily standing, other acts or statements not reflected by the record, or a combination of circumstances is not made to appear. If defendant's failure to cooperate with his attorney manifested itself in contemptuous or disruptive conduct, the court clearly had the inherent authority to deal with it. However, we think it essential in such instances, as in instances of an adjudication of direct contempt, that "the particulars of the offense be specified on the record." G.S. 5-5; *In re Palmer,* 265 N.C. 485, 144 S.E. 2d 413; *In re Burton,* 257 N.C. 534, 126 S.E. 2d 581.

[4] Although we find erroneous the court's requirement that defendant furnish a written statement as specified in the order, we nevertheless point out that trial judges have broad power to take whatever legitimate steps are necessary to maintain proper decorum and appropriate atmosphere in the courtroom during a trial. This includes the power to deal appropriately with an unruly defendant. In the case of *Illinois v. Allen,* 397 U.S. 337, 90 S.Ct. 1057, the defendant continued to make abusive, threatening and disruptive remarks to the court, after having been warned that he would be removed from the courtroom if his disruptive behavior continued. At one point he tore the file which his attorney had and threw the papers on the floor. The court ordered the defendant removed from the courtroom, and the trial proceeded in his absence. The Supreme Court of the United States held that the action of the trial judge did not violate the defendant's constitutional right to be confronted with witnesses against him. Mr. Justice Black, in expressing the view of seven members of the Court, stated:

> "It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disre-

gard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated. We believe trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. No one formula for maintaining the appropriate courtroom atmosphere will be best in all situations. We think there are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant like Allen: (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly."

The order of the trial court is modified by striking therefrom the portion directing that the case not be returned to the calendar unless and until the defendant has furnished to the court a written statement. The portions of the order relating to continuing the case for the term, setting bond pending trial, and appointing the Public Defender to represent the defendant were within the discretion of the trial court and will not be disturbed.

Modified and affirmed.

BROCK and MORRIS, JJ., concur.