STATE OF NORTH CAROLINA v. RONALD GIBSON

No. 7226SC351

(Filed 24 May 1972)

1. Constitutional Law § 32— indigent defendant — acceptance of appointed counsel

An indigent must accept counsel appointed by the court unless he desires to present his own defense.

2. Constitutional Law § 32— dissatisfaction with appointed counsel

An expression of unfounded dissatisfaction with court-appointed counsel does not entitle a defendant to the services of another court-appointed counsel.

3. Constitutional Law § 32— refusal to dismiss appointed counsel

The trial court did not err in the denial of defendant's motion made before trial that his court-appointed counsel be discharged and another attorney appointed to represent him or that he be given the opportunity to hire an attorney, where the motion was based only on defendant's assertion that he thought another attorney would do more for him, and there was no showing defendant was financially able to employ counsel.

4. Forgery § 1— elements of uttering

The offense of uttering a forged instrument consists of offering to another the forged instrument with knowledge of the falsity of the writing and with intent to defraud.

5. Forgery § 2— changing amount of check — uttering

The State's evidence was sufficient for the jury in a prosecution for uttering a forged check where it tended to show that a check was made payable to defendant in the amount of $1.64, that defendant altered the check and made it appear to be payable in the amount of $11.64, and that defendant cashed the altered check at a grocery store.

APPEAL by defendant from *Friday, Judge,* 29 November 1971 Schedule "A" Criminal Session of Superior Court held in MECKLENBURG County.

The defendant was charged in two bills of indictment, 71 Cr 22996 and 71 Cr 22997, with forging and uttering two checks written by Wachovia Services, Inc., for Neighborhood Youth Corps, Charlotte, N. C., to Ronald Gibson. The defendant pleaded not guilty.

The State offered evidence tending to show that on 26 March 1971 at about 1:00 p.m. the defendant went into the Eighth Street Market and gave a check to an employee Mr. Williams, who testified:

" * * * I checked his identification and had him sign the check and cashed it. * * * "

" * * *When he gave me State's Exhibit No. 1, I know I gave him $11.00. I'm not sure about the change."

Ernie Small, the owner of the market, deposited this check, and it was returned by the bank.

On 23 April 1971 at about 1:00 p.m. the defendant returned to the market and gave Mr. Williams another check. Mr. Williams recognized the defendant and immediately gave the check to Mr. Small who called the police. Before the police arrived the defendant fled, leaving the check. The two checks were identified and introduced into evidence as State's exhibits #1 and #2. During the months of March and April 1971 the defendant was receiving remedial education, skilled training, and counseling at the Neighborhood Youth Corps approximately one block from the Eighth Street Market for which he received a "stipend" of $.86719 per hour. For the period ending 21 March 1971, a check, No. 1209, dated 26 March 1971, in the amount of $1.64, was issued to Ronald Gibson. For the period ending 18 April 1971 a check, No. 1214, dated 23 April 1971, in the amount of $9.29, was issued to Ronald Gibson.

Albert T. Hoxie, director of the Neighborhood Youth Corps, testified that State's exhibits #1 and #2 were the checks No. 1209 and No. 1214, respectively, which were issued to the defendant. State's exhibits #1 and #2, when introduced into

evidence at the trial, were made payable to the defendant in the amount of $11.64 and $19.29 respectively.

The defendant offered no evidence.

The jury found the defendant guilty on both counts in each bill of indictment. Prayer for judgment was continued on the count charging forgery in case number 71 Cr 22996 and on the counts charging forgery and uttering in case number 71 Cr 22997. From a judgment imposing prison sentence of five to seven years on the count charging uttering the check dated 26 March 1971 in case number 71 Cr 22996, the defendant appealed.

*Attorney General Robert Morgan and Associate Attorney George W. Boylan for the State.*

*William J. Eaker for defendant appellant.*

HEDRICK, Judge.

Since prayer for judgment was continued on the count charging forgery in case number 71 Cr 22996 and on the counts charging forgery and uttering in case number 71 Cr 22997, our consideration is limited in this opinion to the count charging uttering in case number 71 Cr 22996.

[3] The defendant first contends the court erred in not allowing his motion to discharge his court-appointed counsel and in not affording him an opportunity to employ "private counsel" or represent himself.

When this case was called for trial at the 29 November 1971 Session of Criminal Court, the defendant, an indigent, appeared for trial with his court-appointed counsel, Frank B. Aycock, III, and moved " . . . to have his Court appointed counsel discharged and another attorney appointed for him, or be given the opportunity to hire a lawyer." When the judge inquired of the defendant the reasons for his motion, the defendant stated, "I just figure that I can get another lawyer to do more for me than this one right here." There was no showing that defendant was financially able to employ counsel.

[1] It is well settled that an indigent defendant must accept counsel appointed by the court, unless he desires to present his own defense. *State v. Scott,* 8 N.C. App. 281, 174 S.E. 2d

80 (1970) ; *State v. Moore,* 6 N.C. App. 596, 170 S.E. 2d 568 (1969) ; *State v. Alston,* 272 N.C. 278, 158 S.E. 2d 52 (1967) ; *State v. McNeil,* 263 N.C. 260, 139 S.E. 2d 667 (1965).

**[2]** An expression of an unfounded dissatisfaction with his court-apppointed counsel does not entitle defendant to the services of another court-appointed attorney. *State v. Moore, supra.* In *State v. McNeil, supra,* we find the following:

> "In 157 A.L.R. 1225 *et seq.,* there is an annotation entitled 'Right of defendant in criminal case to discharge of, or substitution of other counsel for, attorney appointed by court to represent him.' Therein it is said:
>
>> 'The right to such discharge or substitution is to this extent relative, and the authorities seem united in the view that if there is fair representation by competent assigned counsel, proceeding according to his best judgment and the usually accepted canons of criminal trial practice, no right of the defendant is violated by refusal to accede to his personal desire in the matter.' "

**[3]** In the record before us there is nothing to indicate that the defendant ever expressed any desire not to be represented or to represent himself, nor is there anything to indicate that Mr. Aycock, appointed in April 1971, had failed to provide him with fair and proper representation. The bare assertion in the record, first made when the case was called for trial, that the defendant wished to discharge his court-appointed counsel and to have another appointed for him or be given an opportunity to hire one because he thought another would do more for him is not sufficient to show that any of the defendant's rights were violated or that the court committed prejudicial error in denying the motion. This assignment of error is not sustained.

**[4]** The defendant assigns as error the court's denial of his timely motions for judgment as of nonsuit. The offense of uttering a forged instrument consists in offering to another the forged instrument with knowledge of the falsity of the writing and with intent to defraud. G.S. 14-120; *State v. Greenlee,* 272 N.C. 651, 159 S.E. 2d 22 (1968).

**[5]** We think the evidence in the present case, when considered in the light most favorable to the State as we are bound

to do, would permit the jury to find that when State's exhibit #1, the check dated 26 March 1971, No. 1209, was issued and given to the defendant, it was made payable to the defendant in the amount of $1.64 and that the defendant altered the check and made it appear to be payable in the amount of $11.64 and that, as altered, the check was capable of defrauding and that the defendant with fraudulent intent did, in fact, utter and publish the altered check by having it cashed by Mr. Williams at the Eighth Street Market. We hold the evidence was sufficient to require the submission of the case to the jury and to support the verdict.

Based on exception number 4, the defendant contends the court expressed an opinion on the evidence in violation of G.S. 1-180. This exception reveals that when the solicitor asked Mr. Williams if he remembered how much he cashed the check for, the trial judge said, "Well, the check speaks for itself."

In his brief, defendant states:

" . . . (H)is comment necessarily conveyed an opinion to the jury and established the fact that the check (State's Exhibit No. 1) bore the alleged alteration of $11.64 at the time it was presented to the cashier by the defendant."

We think the comment by the judge was error but not prejudicial. In *State v. Perry*, 231 N.C. 467, 57 S.E. 2d 774 (1950) we find:

"* * * The comment made or the question propounded should be considered in the light of all the facts and attendant circumstances disclosed by the record, and unless it is apparent that such infraction of the rules might reasonably have had a prejudicial effect on the result of the trial, the error will be considered harmless."

There is nothing in this record to indicate that the comment of the judge could have prejudiced the defendant in any way. We hold the remark made by the judge was harmless beyond a reasonable doubt.

We hold the defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and PARKER concur.