State v. Chappell

---

STATE OF NORTH CAROLINA v. BARRY LEE CHAPPELL

No. 749SC618

(Filed 2 October 1974)

Constitutional Law § 32— indigent defendant — right to counsel

Defendant is entitled to a new trial where the record shows that the trial court dismissed defendant's court-appointed counsel after a dispute arose between defendant and his counsel, the court continued

defendant's case so that he could retain his own counsel, defendant was not represented by counsel when his case was called for trial, there was no indication that defendant was ever requested to sign a written waiver of counsel or that if he had been so requested that he would have refused to do so, and defendant was adjudged to be indigent.

APPEAL by defendant from *Webb, Judge,* 21 January 1974 Session of Superior Court held in PERSON County.

On 23 March 1973 defendant was arrested on a warrant charging him with felonious assault. He was found to be indigent and on 29 March 1973 an attorney was appointed to represent him. Following preliminary hearing the District Court on 3 May 1973 found probable cause and bound defendant over for trial in the Superior Court. At the 7 May 1973 Session of Superior Court the grand jury returned as a true bill a bill of indictment charging defendant with felonious assault with a deadly weapon with intent to kill inflicting serious injuries.

The case was scheduled for trial before Judge McLelland at the October 1973 Session of Superior Court, at which time defendant appeared with his court-appointed counsel. A dispute arose between defendant and his counsel, and Judge McLelland relieved the counsel of further duties in the case. Defendant stated in open court that he would have a privately retained counsel to represent him at the January 1974 Session, and Judge McLelland continued the case until that time. No written order was signed by Judge McLelland in this case.

The case was called for trial before Judge Webb at the January 1974 Session of Superior Court, at which time defendant was not represented by counsel. On arraignment defendant pled not guilty to the charge contained in the indictment, and the trial proceeded without defendant being represented by counsel. The trial resulted in a jury verdict finding defendant guilty of assault with a deadly weapon inflicting serious injury. On 23 January 1974 judgment was entered on the verdict sentencing defendant to prison for five years. From this judgment defendant, acting for himself, in open court gave notice of appeal.

On the day the judgment of imprisonment was entered, 23 January 1974, the trial judge, upon defendant's affidavit of indigency, found and adjudged him to be indigent and appointed his present counsel to represent him on this appeal.

Subsequent to the rendering of the judgment, the trial judge held a hearing relative to defendant's lack of counsel at his trial. Following this hearing, Judge Webb entered an order dated 24 January 1974 making findings of fact on the basis of which he concluded "that the ends of justice would not be served by continuing the case," and ordered that "defendant's motion for continuance be overruled."

*Assistant Attorney General Charles M. Hensey for the State.*

*Alan S. Hicks for defendant appellant.*

PARKER, Judge.

G. S. 7A-457(a) is as follows:

"An indigent person who has been informed of his right to be represented by counsel at any in-court proceeding, may, in writing, waive the right to in-court representation by counsel, if the court finds of record that at the time of waiver the indigent person acted with full awareness of his rights and of the consequences of the waiver. In making such a finding, the court shall consider, among other things, such matters as the person's age, education, familiarity with the English language, mental condition, and the complexity of the crime charged."

In the present case defendant had been duly adjudged to be indigent prior to his preliminary hearing, and on the day of his trial the trial judge again found and adjudged that he was indigent. He did not waive in writing his right to be represented by counsel at his trial, and, indeed, nothing in the record indicates that he orally waived his right to counsel.

It is, of course, true than an indigent defendant is not entitled to have the court appoint counsel of his own choosing, *State v. Frazier,* 280 N.C. 181, 185 S.E. 2d 652 (1972), and an unfounded dissatisfaction with his court-appointed counsel does not entitle him to the services of another court-appointed attorney. *State v. Moore,* 6 N.C. App. 596, 170 S.E. 2d 568 (1969). It is also true that the court may not force counsel upon an indigent defendant who may elect to represent himself. *State v. Alston,* 272 N.C. 278, 158 S.E. 2d 52 (1967). Here, however, the record makes clear that defendant did not wish to represent himself and did not willingly go to trial without

counsel. On the contrary, it would appear that he moved for a continuance until he could obtain an attorney.

At the hearing held on the day following his trial, defendant testified that after Judge McLelland told him he would have to pay his own lawyer he consulted an attorney whom he thought would represent him but that he was unable to raise the money to pay the attorney's fee. In the order entered following that hearing, the trial judge made no finding that defendant knowingly elected to represent himself, finding only that "defendant has not retained counsel to represent him, having previously discharged with the consent of the Court his court appointed counsel." On the day preceding the entry of this order, the trial judge had found defendant to be indigent.

We are not here confronted with the situation of an indigent defendant refusing without justification to be represented by competent court-appointed counsel and at the same time refusing to sign a written waiver of counsel. Here, the record does not indicate that defendant was ever requested to sign a written waiver of counsel or that if he had been so requested that he would have refused to do so. Nor was defendant in this case ever given the option knowingly to elect between being represented at trial by the counsel who was originally appointed for him or being tried without any counsel at all.

Under the circumstances of this case it was error to proceed with the trial when defendant was not represented by counsel. Defendant is entitled to a

New trial.

Judges CAMPBELL and VAUGHN concur.