STATE OF NORTH CAROLINA v. JOHN ROBERTS

No. 7418SC844

(Filed 4 December 1974)

1. Criminal Law § 91— denial of continuance to obtain witness — whereabouts of witness unknown

   The trial court in a homicide case did not err in the denial of defendant's motion for continuance to secure attendance of a witness made at trial after the State had rested its case where defense counsel learned about the desired witness two days before trial, and a subpoena was issued but not returned because the whereabouts of the witness was unknown.

2. Criminal Law § 86— impeachment of defendant — pulling guns on another person

   In a second degree murder prosecution, the trial court did not err in permitting the State to ask defendant on cross-examination whether he "didn't pull those same guns on Allen Brennan" earlier that night, since a defendant may be asked whether he committed specific criminal acts or was guilty of specified reprehensible conduct for purposes of impeachment.

3. Homicide § 28— instructions on self-defense

   Trial court's instructions on self-defense met the requirements set forth in *State v. Dooley*, 285 N.C. 158.

APPEAL by defendant from *Lupton, Judge,* 13 May 1974 Criminal Session of Superior Court held in GUILFORD County.

Defendant was indicted for first-degree murder but the State elected to seek a verdict no greater than second-degree murder. The jury returned a verdict of guilty of voluntary manslaughter, and from judgment imposing prison sentence of 15 to 20 years, defendant appeals.

*Attorney General James H. Carson, Jr., by Associate Attorney Robert W. Kaylor, for the State.*

*Assistant Public Defender Richard S. Towers for the defendant appellant.*

BRITT, Judge.

[1] Defendant assigns as error the denial of his motion for a continuance in order that he might secure the attendance of a witness. The motion was made at trial after the State had rested its case. The record discloses that the alleged offense occurred on 9 June 1973; that counsel was appointed on 11 June 1973;

that the indictment was returned on or about 6 August 1973; that the case had been calendared for trial on two previous occasions, but had been continued upon motions by defendant; that the case came on for trial in May 1974; that two days before the trial, defense counsel learned about the desired witness; and that a subpoena was issued but not returned, the witness' whereabouts being unknown.

It is well settled that a motion for continuance is ordinarily addressed to the discretion of the trial court, and its ruling thereon is not subject to review absent abuse of discretion. 2 Strong, N. C. Index 2d, Criminal Law § 91, at 620 (1967); *State v. Moses,* 272 N.C. 509, 158 S.E. 2d 617 (1968); *State v. Shirley,* 12 N.C. App. 440, 183 S.E. 2d 880 (1971); *State v. Scott,* 8 N.C. App. 281, 174 S.E. 2d 80 (1970). We are of the opinion, and so hold, that no abuse of discretion by the trial judge has been shown, therefore, the assignment is overruled.

[2]   Defendant next contends that the court erred in allowing the State to cross-examine him as to prior acts. The prosecutor asked defendant on cross-examination if " . . . [he] didn't pull those same two guns on Allen Brennan . . . " earlier that night.

In *State v. Foster,* 284 N.C. 259, 275, 200 S.E. 2d 782 (1973), the court stated the applicable rule as follows:

When a defendant elects to testify in his own behalf, he surrenders his privilege against self-incrimination and knows he will be subject to impeachment by questions relating to specific acts of criminal and degrading conduct. Such 'cross-examination for the purpose of impeachment *is not limited to conviction of crimes. Any act of the witness which tends to impeach his character may be inquired about or proven by cross-examination.*' (Citations omitted.) (Emphasis added.)

In *State v. Gainey,* 280 N.C. 366, 373, 185 S.E. 2d 874 (1971), the court stated that " . . . for purposes of impeachment a witness may be asked whether he has *committed* specific criminal acts or been guilty of specified reprehensible conduct. . . . " We hold that the question propounded by the State was not improper.

[3]   Defendant's next assignment of error relates to the judge's instructions to the jury. Defendant contends that the court erred in its instructions on self-defense, arguing that the in-

structions did not meet the requirements set forth in *State v. Dooley,* 285 N.C. 158, 203 S.E. 2d 815 (1974). We have compared the pertinent instructions given in this case with those suggested in *Dooley* and conclude that there is substantial similarity. The assignment of error is overruled.

Defendant's final contention is that the court erred in signing and entering the judgment. This contention is based on an exception to the judgment and presents for review errors appearing on the face of the record proper. *State v. Talbert,* 285 N.C. 221, 203 S.E. 2d 835 (1974); 3 Strong, N. C. Index 2d, Criminal Law § 161 (1967). We have reviewed the record proper and find that it is free from prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.