STATE v. R. D. THOMPSON.

(Filed 2 November, 1966.)

**1. Crime Against Nature § 2;   Criminal Law § 131—**

The punishment of a fine or imprisonment in the discretion of the court prescribed by G.S. 14-177 as amended is not a "specific punishment" within the meaning of G.S. 14-2, and the maximum lawful imprisonment is ten years.

**2. Criminal Law § 133—**

Where consecutive sentences are imposed upon two convictions and the first sentence exceeds the statutory maximum, the cause must be remanded for proper sentence on the first indictment with credit for the time served, defendant not having yet served as long under that sentence as he might have been legally imprisoned, and the second sentence will commence as provided therein at the expiration of the proper sentence on the first.

On *certiorari* to review judgment of *Johnson, J.*, entered at June Criminal Session 1966 of the Superior Court of ROBESON County.

The petition, the Attorney General's answer and the record proper of proceedings in the Superior Court of Robeson County at June Criminal Session 1966 disclose the following:

The petitioner (referred to hereafter as Thompson) was indicted in each of two cases. In Case No. 19069, Thompson was charged with having committed, on April 2, 1966, the crime against nature with a named female child under twelve years of age. In Case No.

19069-A, Thompson was charged with the rape of said female child on said date. The two cases were consolidated for trial. Thompson was represented at trial by court-appointed counsel. In No. 19069 the jury returned a verdict of "Guilty of crime against nature as charged in the bill of Indictment," and in No. 19069-A the jury returned a verdict of "guilty of assault on a female with intent to commit rape as charged in the bill of indictment."

In No. 19069 the court pronounced judgment imposing a prison sentence of not less than eighteen nor more than twenty years. In No. 19069-A the court pronounced judgment imposing a prison sentence of not less than five nor more than seven years, "(t)his sentence to commence at the expiration of the sentence imposed in #19069."

Thompson, in his petition, prays that this Court vacate the judgment in No. 19069, the crime against nature case, and remand this case "FOR PROPER JUDGMENT, NOT TO EXCEED THE STATUTORY MAXIMUM OF (10) TEN YEARS." This Court allows Thompson's petition for *certiorari* and grants relief as set forth in the opinion.

*Attorney General Bruton and Staff Attorney White for the State.*
*R. D. Thompson in propria persona.*

PER CURIAM. Thompson does not attack the judgment in No. 19069-A. The sentence imposed thereby is authorized by G.S. 14-22.

Chapter 621, Session Laws of 1965, in full force and effect from and after its ratification on May 19, 1965, amended G.S. 14-177 so as to read as follows: "Crime Against Nature. If any person shall commit the crime against nature, with mankind or beast, he shall be guilty of a felony, and shall be fined or imprisoned in the discretion of the court."

In *S. v. Blackmon,* 260 N.C. 352, 132 S.E. 2d 880, it was held that a statute (G.S. 14-55) prescribing punishment "by fine or imprisonment in the State's prison, or both, in the discretion of the court," did not prescribe "specific punishment" within the meaning of that term as used in G.S. 14-2. Where a person is convicted of any felony "for which no specific punishment is prescribed by statute," the maximum lawful term of imprisonment is ten years. G.S. 14-2. Hence, the sentence imposed by the judgment in No. 19069, to wit, imprisonment for a term of not less than eighteen nor more than twenty years, substantially exceeds the maximum lawful sentence.

"It is the general rule in this jurisdiction that where a defendant has been properly convicted but given a sentence in excess of that authorized by law, and comes to this Court pursuant to a pe-

tition for writ of *certiorari* in a *habeas corpus* proceeding, when such defendant has not served as long under the sentence as he might have been legally imprisoned, we vacate the improper judgment and remand for proper sentence. In such case, the defendant should be given credit for the time served under the vacated judgment." *S. v. Austin*, 241 N.C. 548, 550, 85 S.E. 2d 924, 926.

In Case No. 19069, the crime against nature case, the said judgment is vacated, and the cause is remanded to the Superior Court of Robeson County for judgment imposing a proper sentence, Thompson to be given credit thereon for the time served under the vacated judgment.

The sentence of not less than five nor more than seven years imposed by the judgment pronounced in Case No. 19069-A will commence, as provided therein, at the expiration of the sentence imposed by the (new) judgment (hereafter) pronounced in Case No. 19069 as directed in this opinion.

The Clerk shall forward a certified copy of this opinion to each of the following: (1) The Clerk of the Superior Court of Robeson County; (2) the North Carolina Prison Department; and (3) Thompson.

Judgment in No. 19069 vacated, and cause remanded for proper judgment in that case.