STATE v. SHELBY EUGENE TOLLEY.

(Filed 27 September, 1967.)

**1. Criminal Law §§ 18, 138—**

Upon trial *de novo* in the Superior Court upon appeal from an inferior court, the Superior Court may impose a punishment in excess of that imposed in the inferior court provided the punishment does not exceed the statutory maximum.

**2. Automobiles § 117; Criminal Law § 138—**

The punishment for speeding in violation of G.S. 20-141, where the speed is not in excess of 80 miles per hour, is limited to a fine of $100 or imprisonment for not more than 60 days, or both. G.S. 20-180, G.S. 20-176(b).

**3. Automobiles § 119; Criminal Law § 138—**

The punishment for reckless driving is limited to a fine not exceeding $500 or imprisonment not to exceed six months, or both, in the discretion of the court. G.S. 20-140(c).

**4. Automobiles § 3; Criminal Law § 138—**

G.S. 20-7 and G.S. 20-35 must be construed *in pari materia,* and the provision of G.S. 20-7(n) that a person convicted of driving a motor vehicle on the highways of this State without having first been licensed as required by the statute should be guilty of a misdemeanor and punished in the discretion of the court is limited by G.S. 20-35(b) so that punishment for violation of G.S. 20-7 may not exceed a fine of $500 or imprisonment for six months.

**5. Criminal Law § 138—**

Where convictions on several warrants or indictments are consolidated for judgment, the judgment cannot exceed that prescribed by the most severe statutory penalty for any one of the offenses.

**6. Same—**

Where the sentence imposed by the lower court is in excess of the statutory maximum and the prisoner has already served more than such maximum, the opinion of the Supreme Court will be certified immediately to the end that the prisoner be discharged from custody forthwith.

CERTIORARI to review order of *Bryson, J.,* entered May 18, 1967, in BUNCOMBE Superior Court, in *habeas corpus* proceeding upon petition of Shelby Eugene Tolley.

The answer of the Attorney General to the petition of Shelby Eugene Tolley (Tolley) for *certiorari* discloses the facts set forth below.

Two warrants, each containing two counts, were issued March 2, 1966, out of the Police Court of the City of Asheville, charging offenses alleged to have been committed on February 28, 1966. The warrant in No. 8474 charged that defendant operated a motor vehicle upon the public streets and highways (1) at a speed of 70 miles per hour in a 35-mile per hour speed zone, and (2) "in a dangerous and reckless manner, and with wanton disregard for safety of life and/or person and/or property of others." The warrant in No. 8475 charged that defendant operated an automobile upon the public streets and highways (1) with an improper license tag, to wit, a South Carolina license plate, and (2) "without having first obtained an operator's license in violation of N. C. Motor Vehicle Law 20-7."

Defendant was tried on both warrants in the Police Court of Asheville on March 3, 1966, and adjudged guilty. In No. 8475, defendant was sentenced to a prison term of 60 days, "to be assigned to a 1st offender's camp." In No. 8474, defendant was sentenced on each of the two counts of speeding and reckless driving to a prison term of 90 days. Judgment provided that these two 90-day sentences would run concurrently with each other but consecutively with reference to the sentence of 60 days in No. 8475. Defendant appealed from these judgments to the superior court.

At March 14, 1966 Session of Buncombe Superior Court before Falls, J., defendant pleaded guilty to the four counts in said warrants. The court consolidated the two cases for judgment. One judgment, imposing a prison sentence of two years, was pronounced.

Defendant served, pursuant to commitment based on said superior court judgment, from March 16, 1966, until October 25, 1966, more than six months. He was paroled October 25, 1966, but thereafter his parole was revoked and he was taken into custody on April 5, 1967, and is presently serving the remaining portion of said sentence of two (2) years imposed at said March 14, 1966 Session.

In a petition filed April 25, 1967, in Buncombe Superior Court, Tolley alleged the said superior court judgment is invalid because the punishment imposed thereby is greater than the punishment imposed by the judgment of the Police Court of Asheville. Apparently, Judge Bryson considered Tolley's petition as a petition for a writ of *habeas corpus;* and, being of the opinion the said two-year sentence pronounced by Judge Falls was lawful, denied relief.

This Court grants Tolley's petition for *certiorari* to review Judge Bryson's order and passes upon the merits thereof in the manner set forth in the opinion.

.

*Attorney General Bruton and Staff Attorney White for the State.*
*Shelby Eugene Tolley in propria persona.*

PER CURIAM.  If the superior court judgment were valid in all
other respects, the fact that it imposes a punishment greater than
that imposed in the Police Court of Asheville does not afford any
basis for the relief sought by petitioner. Upon petitioner's appeal
from the judgments pronounced in the Police Court of Asheville,
the cases were for trial *de novo* in the superior court. Private Laws
of 1905, Chapter 35, Section 6. However, the superior court judg-
ment is invalid for the reasons stated below.

Every person convicted of speeding in violation of G.S. 20-141,
where the speed is not in excess of eighty miles per hour, "shall be
punished by a fine of not more than one hundred dollars ($100.00)
or by imprisonment in the county or municipal jail for not more
than sixty days, or by both such fine and imprisonment." G.S. 20-
180; G.S. 20-176(b).

"Any person convicted of reckless driving shall be punished by
imprisonment not to exceed six months or by a fine, not to exceed
five hundred dollars ($500.00) or by both such imprisonment and
fine, in the discretion of the court." G.S. 20-140(c).

We pass, without discussion, whether the count with reference
to "improper license tag" is sufficient to charge a criminal offense.
Assuming it does, it is unclear whether it purports to charge a vio-
lation of G.S. 20-63 or a violation of G.S. 20-111. In either event,
the maximum punishment for such violation would be that pre-
scribed by G.S. 20-176(b), namely, "a fine of not more than one
hundred dollars ($100.00) or  . . .  imprisonment in the county or
municipal jail for not more than sixty days, or by both such fine
and imprisonment."

Under G.S. 20-7(n), any person convicted of operating a motor
vehicle over any highway in this State, without having first been
licensed as such operator, in violation of G.S. 20-7(a) "shall be guilty
of a misdemeanor and punished in the discretion of the court." How-
ever, G.S. 20-35(b) provides: "Unless another penalty is in this
article or by the laws of this State provided, every person convicted
of a misdemeanor for the violation of any provision of this article
shall be punished by a fine of not more than five hundred ($500.00)
dollars or by imprisonment for not more than six (6) months." G.S.
20-7 and G.S. 20-35 are provisions of Article 2 of Chapter 20 of the
General Statutes. These statutory provisions, being *in pari materia,*
must be construed together; and, if possible, they must be reconciled
and harmonized. When so construed, we are of opinion, and so de-
cide, that the explicit provisions of G.S. 20-35 establish the maxi-

mum limits of the court's discretionary power in respect of punishment for a violation of G.S. 20-7(a). Decisions which, in Chief Justice Stacy's phrase, are "obliquely relevant" include *State v. Blackmon*, 260 N.C. 352, 132 S.E. 2d 880; *State v. Adams*, 266 N.C. 406, 146 S.E. 2d 505; *State v. Thompson*, 268 N.C. 447, 150 S.E. 2d 781.

The cases having been consolidated for judgment, the court had no authority "to enter a judgment in gross in excess of the greatest statutory penalty applicable to any of the counts upon which there has been a conviction or plea of guilty." *State v. Austin*, 241 N.C. 548, 85 S.E. 2d 924. Here, no count to which defendant pleaded guilty charged a criminal offense punishable by imprisonment for a term in excess of six months. Hence, the judgment of the superior court is invalid and is vacated.

"It is the general rule in this jurisdiction that where a defendant has been properly convicted but given a sentence in excess of that authorized by law, and comes to this Court pursuant to a petition for writ of *certiorari* in a *habeas corpus* proceeding, when such defendant has not served as long under the sentence as he might have been legally imprisoned, we vacate the improper judgment and remand for proper sentence. In such case, the defendant should be given credit for the time served under the vacated judgment." *State v. Austin, supra; State v. Thompson, supra.*

Defendant having served more than six months under said superior court judgment, and all beyond six months of the sentence being excessive, he is entitled to be discharged. It is so ordered. Therefore, let this opinion be certified immediately to the Commissioner of Corrections and also to the Superior. Court of Buncombe County to the end that petitioner be discharged from custody forthwith.

Judgment vacated.