STATE OF NORTH CAROLINA v. LUKE McCROWE.

(Filed 12 January, 1968.)

**Criminal Law § 138—**

Where there is a verdict or plea of guilty to more than one count in a warrant or bill of indictment and the court imposes a single judgment thereon, a consolidation of the counts for the purpose of judgment will be presumed, and the punishment may not exceed that permitted on the count carrying the greater punishment.

APPEAL by defendant, Luke McCrowe, from *Hobgood, J.,* May Criminal Session, 1967, ROBESON Superior Court.

On April 2, 1966 the defendant was charged in the Recorder's Court, St. Pauls, North Carolina, with having committed these criminal offenses:

(Unlawfully operating the above described vehicle (1960 Chevrolet, License No. DP 6657) on U. S. Highway 301:

1.  Speeding 85 miles per hour in a 55 miles per hour zone.

7.  Driving left of center not in overtaking and passing.

8.  Illegal possession of beer, to wit, 6 gallons, contrary to the statutes made and provided, and against the peace and dignity of the State.

On April 6, 1966 the Recorder, after hearing, adjudged the defendant guilty on all counts as charged. The Recorder imposed a prison sentence of 90 days, suspended upon the payment of a fine of $75 and costs of $17.25, and ". . . defendant not to have in his possession or on his premises any intoxicants, including wine, whiskey or beer, for a period of 2 years . . ."

On October 21, 1966 defendant was apprehended for a traffic violation and having in his possession 40 pints of beer. Notice was

served on the defendant, and a bill of particulars was filed before the Recorder. After hearing, the Recorder found the defendant had violated the conditions upon which the prison sentence of 90 days was suspended, and activated the sentence. The defendant excepted and appealed to the Superior Court of Robeson County.

At the May Criminal Session, Judge Hobgood, after hearing and after full findings of fact with respect to the entry of the original sentence, the breach of the conditions of the suspension, affirmed the judgment of the Recorder.

The defendant appealed.

*T. W. Bruton, Attorney General; William W. Melvin, Assistant Attorney General; T. Buie Costen, Staff Attorney, for the State.*

*F. D. Hackett for defendant appellant.*

PER CURIAM. The defendant contends: (1) the record does not disclose he was represented by counsel at his trial before the Recorder, and (2) that sentences on two of the counts does not permit a prison sentence of 90 days. However, the verdict of guilty on the count charging operating the Chevrolet at 85 m.p.h. in a 55 m.p.h. zone on U. S. Highway 301 will sustain the judgment.

In cases in which there is a verdict or plea of guilty to more than one count in a warrant or bill of indictment, and the Court imposes a single judgment (sentence, or fine, or both) a consolidation for the purpose of judgment will be presumed. The punishment may not exceed that permitted on the major count. Appointment of counsel was not required in this case.

No error.