STATE OF NORTH CAROLINA v. HAROLD LEAK WHITE AND DEXTER EUGENE LONG

No. 6820SC362

(Filed 18 September 1968)

1. **Criminal Law § 138— single sentence for convictions upon more than one count — maximum**

   A single sentence covering a number of counts on which an accused is convicted or to which he pleads guilty is valid if the punishment thereby imposed does not exceed the maximum that could have been imposed for any single sufficient count.

2. **Burglary and Unlawful Breakings § 8;   Larceny § 10— sentence for felonious breaking and entering and larceny**

   Sentence of not less than five nor more than ten years upon defendant's plea of guilty of felonious breaking and entering and larceny of property of a value of more than $200 is within the statutory limits and valid.

APPEAL by defendants from *Bowman, S.J.,* 8 July 1968 Session of STANLY Superior Court.

Defendants were jointly indicted in a three-count bill of indictment charging them with (1) felonious breaking and entering, (2) larceny of personal property of the value of more than $200.00, and (3) receiving. Upon arraignment both defendants, through their court-appointed attorney, entered pleas of guilty to the first and second counts, and the State took a *nol pros* on the third count in each case. Based on the pleas of guilty to the first two counts in the bill of indictment, the court entered a judgment as to each defendant imposing a prison sentence of not less than five nor more than

ten years on each. Defendants excepted to the entry of these judgments and appealed.

*Attorney General T. W. Bruton and Deputy Attorney General Harry W. McGalliard for the State.*

*Charles P. Brown for defendant appellants.*

PARKER, J.

Both in the proceedings in the trial court and on this appeal the defendants, being indigent, were provided with the services of able legal counsel without any expense to them. Furthermore, the costs of preparing the transcript of proceedings in the trial court, the record on this appeal, the brief filed on their behalf, and all other costs incidental to the preparation and handling of this case on appeal have been borne at public expense.

The attorney for defendants, with commendable frankness has stated in his brief that after carefully reviewing the entire record on appeal he can find no legitimate assignment of error and can offer no valid contention wherein the trial court erred or whereby defendants or either of them would be entitled to a new trial. Nevertheless, we have carefully reviewed the entire record before us. We find no error.

Prior to accepting the pleas of guilty, the trial judge carefully examined each defendant to determine that each fully understood the nature of the charges against him and knew the maximum punishment which might be imposed upon his pleas of guilty; that each had been fully informed of his rights; that no promises or threats had been made by anyone to influence the pleas of guilty; that each defendant had had ample time to subpœna any witnesses desired by him and to be ready for trial and was in fact ready for trial; that the pleas were freely, understandingly, and voluntarily made; and that each defendant had had time to confer with and had conferred with his lawyer and was satisfied with his lawyer's services. After making this careful examination, the judge determined that the pleas of guilty tendered by each defendant were being freely, understandingly, and voluntarily made, and were made without undue influence, compulsion, or duress and without promise of leniency, and based on these determinations the court accepted the pleas of guilty.

Prior to imposing sentence on each defendant, the court heard the testimony of a special agent with the State Bureau of Investigation who had investigated the crimes and who testified that each defendant separately had voluntarily disclosed to him in detail the part which each had played in committing the offenses with which each

was charged. This agent also testified that based on the information given by the defendants a considerable portion of the stolen property had been recovered.

[1, 2]   It should be noted that while a separate sentence might have been lawfully imposed based on the pleas of guilty to the first two counts in the bill of indictment, the court imposed but a single sentence on each defendant. A single sentence covering a number of counts on which an accused is convicted or to which he pleads guilty is valid if the punishment thereby imposed does not exceed the maximum that could have been imposed for any single sufficient count. *State v. Smith,* 266 N.C. 747, 147 S.E. 2d 165; 24 C.J.S., Criminal Law, § 1567(4), p. 430. The sentences imposed on the defendants were within statutory limits.

The judgment of the superior court as to each defendant is

Affirmed.

BROCK and BRITT, JJ., concur.