STATE OF NORTH CAROLINA v. MACK McCLAM, JR.

No. 7010SC35

(Filed 1 April 1970)

**1. Criminal Law § 161—— appeal —— exception to the judgment**

The appeal itself is an exception to the judgment and an assignment of error as to matters appearing on the face of the record.

**2. Bills and Notes § 22— issuing worthless checks — misdemeanor — excessive sentence**

Sentence of 12 months' imprisonment imposed upon defendant's plea of guilty to the offense of issuing worthless checks in the sums of $30.00 and $26.77, *held* in excess of that authorized by G.S. 14-107.

**3. Constitutional Law § 32— right to counsel — misdemeanor amounting to serious offense**

A defendant charged with a serious offense has a constitutional right to the assistance of counsel during his trial in the superior court; a serious offense is one for which the authorized punishment exceeds six months' imprisonment and a $500 fine.

**4. Constitutional Law § 32— right to counsel — serious misdemeanor — duty of court**

Where defendant is charged with a misdemeanor amounting to a serious offense, the trial court must determine whether lack of counsel results from indigency or choice; if the result is indigency, the court must appoint counsel to represent defendant unless counsel is knowingly and understandingly waived.

**5. Criminal Law § 32— waiver of counsel**

The record must show that an indigent accused appearing without counsel and charged with a serious offense was offered counsel but intelligently and understandingly rejected the offer; anything less is not waiver.

**6. Criminal Law § 177— disposition after appeal — remand for proper sentence**

Ordinarily where the sentence imposed in the trial court exceeds that permitted by law, the Court of Appeals will order the judgment vacated and the cause remanded to the superior court for judgment imposing a proper sentence.

**7. Criminal Law § 177— disposition after appeal — excessive sentence — new trial**

Where sentence imposed upon the defendant's plea of guilty to the misdemeanor of issuing worthless checks exceeded the statutory maximum, and where the defendant, an indigent, entered a plea of guilty to the felony of issuing worthless checks without a finding by the trial court that he intelligently and understandingly waived counsel, the Court of Appeals vacated the judgment and granted the defendant a new trial.

**8. Criminal Law § 138; Bills and Notes § 22— statutory mitigation of crime — new trial — benefit to defendant**

A defendant granted a new trial for the offense of issuing worthless checks in violation of G.S. 14-107 is entitled to the benefit of the amendment to G.S. 14-107, enacted subsequent to his original trial, which limited the quantum of punishment, in cases where the amount of the check exceeded $50, to six months' imprisonment or $500 fine or both.

**9. Criminal Law § 23— judgment upon plea of guilty — finding as to voluntariness of plea**

Judgment imposed upon defendant's plea of guilty to the felonies of

breaking and entering and of larceny *held* affirmed, where defendant was represented by counsel and the court accepted defendant's plea after a proper finding that it was freely and voluntarily made, and the sentences imposed were well within the maximum.

**10. Criminal Law § 140—    consecutive sentences — invalidity of the first**

Where the first of three consecutive sentences is set aside for invalidity, the second sentence commences as of the first day of the term when it was imposed.

APPEAL by defendant from *Carr, J.,* 3 June 1969 Session of WAKE Superior Court.

One of the judgments from which defendant appeals was signed by Judge Carr on 13 June 1969. This judgment strikes a judgment entered in the same cases on 2 June 1969 and then recites in part as follows:

"69-CR-8220; 69-CR-15969 and 69-CR-15790."

\*   \*   \*

"Having entered a plea of guilty of the offenses of giving worthless checks as charged in each of the warrants in the above numbered cases which are violations of the law and of the grade of misdemeanor

"It is ADJUDGED that these cases be consolidated 'for Judgment and the defendant be imprisoned for the' term of twelve (12) months in the Wake County Jail to be assigned to work under the supervision of the North Carolina Department of Correction."

The defendant also appeals from judgment signed by the trial judge on 2 June 1969 in cases numbered 69-CR-16620 through 69-CR-16627 inclusive. This judgment recites in pertinent part:

"Having entered a plea of guilty of the offenses of breaking and entering and larceny as charged in each of the above numbered cases which are violations of the law and of the grade of felony.

"It is ADJUDGED that these cases be consolidated for Judgment and the defendant be imprisoned for the term of not less than seven (7) years nor more than ten (10) years in the State Prison to be assigned to work under the supervision of the North Carolina Department of Correction. This sentence to begin at the expiration of the sentence imposed this date in cases 69-CR-8220, 69-CR-15969 and 69-CR-15970 consolidated on the charges of giving worthless checks."

As indicated, the judgment referred to as having been imposed "this date" in the worthless check cases was amended and signed on 13 June 1969.

The third judgment from which the defendant appeals was signed by Judge Carr on 13 June 1969 and, after striking an earlier judgment entered in the same cases on 2 June 1969, provides in pertinent part:

> "Having entered a plea of guilty of the offenses of breaking and entering and larceny as charged in cases 69-CR-16628 through 69-CR-16632 inclusive and breaking and entering in cases 69-CR-16633 and 69-CR-16648 which are violations of the law and of the grade of felony.

> "It is ADJUDGED that these cases be consolidated for Judgment and the defendant be imprisoned for the term of not less than four (4) years nor more than six (6) years in the State Prison to be assigned to work under the supervision of the North Carolina Department of Correction. This sentence to begin at the expiration of the 7 to 10 year sentence imposed on June 2, 1969 by this Court in cases 69-CR-16620 through 69-CR-16627 consolidated."

The defendant gave notice of appeal in the form of a letter to the court. On 12 August 1969 Judge Carr entered an order allowing defendant to appeal as an indigent and appointing counsel to prosecute the appeal to this Court.

*Attorney General Robert Morgan by Staff Attorney Edward L. Eatman, Jr., for the State.*

*Garland B. Daniel for defendant appellant.*

VAUGHN, J.

[1] The appellant's brief recites that counsel for defendant has carefully examined the record and can find no prejudicial error therein. Although there are no exceptions in the record and no assignment of error brought forward and argued in defendant's brief, the appeal in itself is an exception to the judgment and an assignment of error as to matters appearing on the face of the record.

[2] We first direct our attention to the judgment wherein three cases of issuing worthless checks were consolidated for judgment. For some reason not apparent to this Court, fourteen warrants, each charging the defendant with issuing a worthless check, appear in the record (the index to the record on appeal recites that there are 12).

STATE v. McCLAM

Despite a time consuming voyage through the record, we can identify with certainty only one as being a warrant on which the defendant was sentenced in the judgment appealed from, this one being the warrant in Case No. 69-CR-15969 in which it is charged that the defendant, did on 1 December 1969 [sic] issue a worthless check to Arlan's Department Store in the amount of $30.00. The face of the warrant indicates that it was signed by Robert Royster, complainant and issued by M. E. Williams, Magistrate, on 31 January 1969. The maximum sentence for this offense, as charged in the warrant before us, cannot exceed a fine of fifty dollars ($50.00) or imprisonment for thirty days. G.S. 14-107. The sentence of 12 months, if based on this warrant, therefore, is in excess of that allowed by statute.

Presumably we are to assume that warrant No. 08220 is the warrant on which the defendant was sentenced in case No. 69-CR-8220, for it is the only one in the fourteen with which it can reasonably be identified. In warrant No. 08220 it is charged that defendant did, "on the 28 day of Oct. 1968 . . . issue a check on First Citz. Bk., in the sum of $26.77 and deliver said check to the said A & P knowing at the time of issuing said check that he did not have sufficient funds or credits with said bank with which to pay the same upon presentation, violation Chapter 62, Public Laws of 1927, as amended . . . ." The punishment upon conviction under this warrant cannot exceed a fine of fifty dollars ($50.00) or imprisonment for thirty (30) days. Assuming, therefore, that this is one of the cases consolidated for judgment, the sentence is in excess of that authorized by statute.

[3, 4] Case No. 69-CR-15790 was one of the three worthless check cases consolidated in the judgment imposing a twelve-month sentence. We do not find any warrant, among the fourteen we were compelled to examine, which we can determine to be the warrant upon which the judgment was based. We find ten warrants without numbers or other identification relating them to the trial in the superior court or to this appeal. In each of these ten warrants it is charged that the defendant issued a worthless check for an amount less than fifty dollars ($50.00). If one or more of these cases were among those consolidated for judgment, then the sentence of 12 months is in excess of that authorized by statute. The two remaining warrants which we find in the record involving worthless checks bear numbers 69-CR-15969 and 69-CR-15970. In warrant No. 69-CR-15969, it is charged that the defendant issued a worthless check in the amount of $113.35 and in number 69-CR-15970 the amount is alleged to be $68.07. There is nothing in the record to indicate that these cases were acted on in the superior court or have any con-

nection with the appeal. At the time the judgment appealed from was signed, the maximum punishment for issuing a worthless check for an amount in excess of $50.00 was imprisonment for two years. G.S. 14-107. A defendant who is charged with a serious offense has a constitutional right to the assistance of counsel during his trial in the superior court. A serious offense is one for which the authorized punishment exceeds six months imprisonment and a $500.00 fine. In such cases it is incumbent upon the trial judge to determine whether lack of counsel results from indigency or choice. If lack of counsel is the result of indigency, the court must appoint counsel to represent the defendant unless counsel is knowingly and understandingly waived. These findings and determination should appear of record. *State v. Morris,* 275 N.C. 50, 165 S.E. 2d 245.

[5]     It is obvious, therefore, that if the State did undertake to try the defendant on either 69-CR-15969 or 69-CR-15970, the defendant, if indigent, was entitled to court-appointed counsel. In the judgment consolidating three worthless check cases there appears the following: ". . . [T]he defendant appeared without counsel on June 2, 1969 and thereupon entered a plea of guilty of giving worthless checks as charged in each of the warrants in each of the above numbered cases." The record in this case does not show that counsel was waived. The record must show, or there must be an allegation and evidence which shows, that an indigent accused appearing without counsel and charged with a serious offense was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver. *State v. Morris, supra.* There is also no showing, in the record before us, that the defendant's plea of guilty, in the three worthless check cases consolidated for judgment, was freely, understandingly and voluntarily made.

[6-8]     Ordinarily in cases where the sentence imposed in the trial court exceeds that permitted by law, this Court will order the judgment vacated and the cause remanded to the superior court for judgment imposing a proper sentence. *State v. Thompson,* 268 N.C. 447, 150 S.E. 2d 781. Here, however, for the reasons discussed, we feel that justice can best be served by ordering that the defendant's plea of guilty in the worthless check cases be stricken and that he be granted a new trial. The judgment involving cases "Nos. 69-CR-8220, 69-CR-15969 and 69-CR-15790" is hereby reversed and the defendant is granted a new trial. Subsequent to the trial of the defendant, the General Assembly amended G.S. 14-107 so as to limit the punishment for a violation thereof, where the amount of the worthless check exceeds $50.00, to a fine of not more than five

hundred dollars or imprisonment for not more than six (6) months, or both. If the State elects to proceed in these cases or on other worthless check cases which may be pending against him, the defendant is entitled to the benefit of the reduction in the maximum sentence. *State v. Parker*, 272 N.C. 72, 157 S.E. 2d 698.

[9]    We now reach the cases of felonious breaking and entering and larceny. Competent legal counsel was appointed by the court on 2 May 1969 and represented defendant at his trial on 2 June 1969. The defendant was charged in 15 valid bills of indictment each charging him with the felonies of breaking and entering and larceny. The defendant pleaded guilty. The court accepted defendant's plea of guilty after due inquiry and a proper finding that the plea was freely and understandingly made, and was made without undue influence, compulsion or duress and without promise of leniency. The sentences imposed were well within the limit provided by law. Each of the judgments in these cases is affirmed.

[10]    The judgment in the worthless check cases. (69-CR-8220, 69-CR-15969 and 69-CR-15790) having been reversed, the sentence imposed in cases 69-CR-16620 through 69-CR-16627 is ordered to have commenced as of the first day of the term when it was imposed, to wit: 2 June 1969. *Potter v. State*, 263 N.C. 114, 139 S.E. 2d 4. The sentence of not less than four nor more than six years in cases numbered 69-CR-16628 through 69-CR-16633 inclusive and 69-CR-16648 is to be served as provided therein.

Affirmed in part.

Reversed in part.

MALLARD, C.J., and MORRIS, J., concur.