STATE OF NORTH CAROLINA v. KEITH WAYNE CRABB

No. 7023SC375

(Filed 26 August 1970)

1. **Criminal Law § 161— appeal as exception to judgment**
An appeal itself is an exception to the judgment and presents for review error appearing on the face of the record.

2. **Criminal Law § 157— record proper**
The record proper in a criminal case consists of the bill of indictment or warrant, the plea on which the case is tried, and the verdict and the judgment from which appeal is taken.

3. **Criminal Law § 139— sentence with minimum and maximum terms— maximum penalty**
Where the sentence is to maximum and minimum terms, the maximum may not exceed the maximum provided by statutory limit even though the minimum is within the statutory limit.

4. **Criminal Law § 138— single judgment for two counts — presumption of consolidation**
Where there is a verdict or plea of guilty to more than one count in a warrant or bill of indictment and the court imposes a single judgment thereon, a consolidation for the purpose of judgment will be presumed.

5. **Criminal Law § 138— cases consolidated for judgment — maximum penalty**
When cases are consolidated for judgment, the court has no authority to enter a judgment in excess of the maximum statutory penalty applicable to any of the offenses for which there has been a conviction or a plea of guilty.

6. **Criminal Law § 139; Burglary and Unlawful Breakings § 8; Larceny § 10— nonfelonious breaking and entering and nonfelonious larceny — consolidation for judgment — sentence to maximum and minimum terms — excessive maximum penalty — correction by appellate court**
Where defendant pleaded guilty to nonfelonious breaking and

entering and nonfelonious larceny, judgment imposing a sentence of "not less than two nor more than three years" is erroneous insofar as it purports to impose a maximum term of three years, since neither offense is punishable by imprisonment for a term in excess of two years, and the judgment is modified by striking therefrom the words "nor more than three" so that the sentence is two years.

APPEAL by defendant from *Beal, S.J.,* April 1970 Criminal Session of WILKES County Superior Court.

Defendant was brought to trial under a single bill of indictment containing separately stated counts charging felonies of breaking and entering, larceny and receiving. He tendered pleas of guilty to the lesser included offenses of non-felonious breaking and entering and non-felonious larceny. After extensively examining defendant relating to the voluntariness of his pleas, the court accept the pleas and entered the following judgment:

> "The judgment of the court is that the defendant be confined in the State's Prison for a period of not less than two nor more than three years, it being the intent of this court that this sentence be served as a youthful offender in the Youthful Offender's Camp."

Defendant, in apt time, appealed and the record was docketed in this court. The record contains no exceptions or assignments of error.

*Robert Morgan, Attorney General, by Harrison Lewis, Deputy Attorney General, for the State.*

*Ferree & Osborne by Samuel L. Osborne for defendant appellant.*

GRAHAM, J.

Defendant's court appointed counsel has filed a brief in which he sets forth no arguments and states that he does not contend the appeal has merit. He does request, however, that this court review the record and award a new trial if any error is found.

[1, 2] An appeal itself is an exception to the judgment and presents for review error appearing on the face of the record.

*State v. Ayscue*, 240 N.C. 196, 81 S.E. 2d 403; *State v. Williams*, 235 N.C. 429, 70 S.E. 2d 1; *State v. Hitchcock*, 4 N.C. App. 676, 167 S.E. 2d 545. The record proper in a criminal case consists of the bill of indictment or warrant, the plea on which the case is tried, the verdict and the judgment from which appeal is taken. *State v. Stubbs*, 265 N.C. 420, 144 S.E. 2d 262; *State v. Moore*, 6 N.C. App. 596, 170 S.E. 2d 568.

[3, 6] In reviewing the face of the record it is noted that the judgment contains error. Defendant pleaded guilty to non-felonious breaking and entering (G.S. 14-54(b)) and non-felonious larceny (G.S. 14-72(a)). Neither offense is punishable by imprisonment for a term in excess of two years. G.S. 14-3(a). Therefore, the judgment is erroneous insofar as it purports to impose a maximum term of imprisonment of three years. Where the sentence is to maximum and minimum terms, the maximum may not exceed the maximum provided by statutory limit even though the minimum is within the statutory limit. 3 Strong, N.C. Index 2d, Criminal Law, § 139.

[4, 5] The court could have entered separate judgments and provided for the sentences imposed to run consecutively. If that had been done the maximum limit would have been two years on each count or a total of four years. However, "[i]n cases in which there is a verdict or plea of guilty to more than one count in a warrant or bill of indictment, and the Court imposes a single judgment (sentence, or fine, or both) a consolidation for the purpose of judgment will be presumed." *State v. McCrowe*, 272 N.C. 523, 158 S.E. 2d 337. Further, when cases are consolidated for judgment a court has no authority to enter a judgment in excess of the maximum statutory penalty applicable to any of the offenses for which there has been a conviction or a plea of guilty. *State v. McCrowe, supra; State v. Tolley*, 271 N.C. 459, 156 S.E. 2d 858; *State v. Austin*, 241 N.C. 548, 85 S.E. 2d 924; *State v. White*, 2 N.C. App. 398, 163 S.E. 2d 82.

The Attorney General has filed a brief and with commendable candor has called attention to the authorities cited herein and conceded that he is unable to distinguish the instant case.

[6] For the reasons set forth herein the judgment is modified by striking therefrom the words "nor more than three," so that the sentence provided by the judgment is two years. See *State v. Spencer*, 276 N.C. 535, 173 S.E. 2d 765; *State v. Evans*, 8 N.C. App. 469, 174 S.E. 2d 680.

We have reviewed the other portions of the record proper and conclude that no prejudicial error appears therein. The judgment as modified is therefore affirmed.

Modified   and affirmed.

BROCK and MORRIS, JJ., concur.