STATE OF NORTH CAROLINA v. DOUGLAS RAY BRADY

No. 7318SC355

(Filed 23 May 1973)

**Criminal Law § 138— consolidated judgment — maximum punishment**

Where cases have been consolidated for judgment, the punishment may not exceed that permitted for the crime carrying the greatest punishment; therefore, the trial court did not err in entering a consolidated judgment of not less than 25 nor more than 30 years for the crimes of safecracking, felonious breaking and entering and felonious larceny, since a sentence of from 10 years to life may be imposed for safecracking. G.S. 14-89.1.

APPEAL by defendant from *Crissman, Judge,* at the 9 October 1972 Session of GUILFORD Superior Court, Greensboro Division.

In three bills of indictment proper in form defendant was charged as follows: In No. 72-CR-56755 he was charged with feloniously breaking and entering a building in Greensboro occupied by North State Tractor Company. In No. 72-CR-56756 he was charged with safecracking. In No. 72-CR-56757, a three count bill, he was charged with (1) feloniously breaking and entering a building occupied by Security Mills of Greensboro, Inc., (2) felonious larceny of goods valued at $1,678.29 and (3) feloniously receiving stolen goods of the value of $1,678.29.

Defendant pleaded not guilty to all charges and the cases were consolidated for trial. A jury returned a verdict of guilty of all charges except felonious receiving. In case No. 72-CR-56755

the court entered judgment imposing prison sentence of not less than five nor more than seven years (to begin at expiration of sentence hereinafter referred to), suspended for five years on certain conditions. Cases Nos. 72-CR-56756 and 72-CR-56757 were consolidated for judgment and the court imposed prison sentence of not less than 25 nor more than 30 years. Defendant appealed.

*Attorney General Robert Morgan by William W. Melvin, Assistant Attorney General, for the State.*

*Z. H. Howerton, Jr., for defendant appellant.*

BRITT, Judge.

The only question presented on appeal relates to whether the court erred in imposing sentences.

Defendant contends that when cases are consolidated for judgment, a court is without authority to impose a sentence in excess of the maximum statutory penalty applicable to *any* of the offenses for which there has been a conviction or guilty plea. Therefore, defendant argues that since he was found guilty of (1) felonious breaking and entering and (2) felonious larceny, in violation of G.S. 14-54 and G.S. 14-70, each of said offenses being punishable by imprisonment for not more than ten years, the court erred in imposing a sentence of not less than twenty-five nor more than thirty years. We find no merit in defendant's contention.

Our Supreme Court has held that where cases have been consolidated for judgment, the punishment may not exceed that permitted on the count carrying the *greatest* punishment. *State v. McCrowe*, 272 N.C. 523, 158 S.E. 2d 337 (1968); *State v. Tolley*, 271 N.C. 459, 156 S.E. 2d 858 (1967). By virtue of G.S. 14-89.1, the judge in his discretion may impose a prison sentence of from ten years to life for safecracking.

The sentence imposed in the instant case does not exceed the greatest statutory penalty applicable to any of the charges upon which defendant was convicted, therefore, we find

No error.

Judges BROCK and BALEY concur.