STATE OF NORTH CAROLINA v. RANDY BRYAN

No. 833SC752

(Filed 3 April 1984)

**1. Criminal Law § 138— pecuniary gain aggravating factor**
    The trial court erred in finding as an aggravating factor that an offense of breaking or entering was committed for hire or pecuniary gain where there was no evidence that defendant was hired or paid to commit the crime.

2. **Criminal Law § 142.3— work release—restitution as condition—supporting evidence**

   The evidence supported the trial court's recommendation that, as a condition of obtaining work release, defendant be required to make restitution of $400 to one of his victims.

APPEAL by defendant from *Phillips, Herbert O., III, Judge.* Judgment entered 23 February 1983 in Superior Court, CRAVEN County. Heard in the Court of Appeals 20 January 1984.

*Attorney General Edmisten, by Associate Attorney General Daniel C. Higgins, for the State.*

*William Farrior Ward, III for defendant appellant.*

PHILLIPS, Judge.

Defendant's appeal calls into question only the correctness of the sentence imposed and the amount of restitution ordered by the court below.

[1] Defendant pleaded guilty to two counts of felonious breaking or entering and two counts of felonious larceny. This was done pursuant to a plea arrangement, in exchange for which the State dismissed other charges against him and consolidated the four remaining charges for judgment. Under the law as it was before G.S. 15A-1340.4(a) was amended effective October 1, 1983, the four consolidated charges, all Class H felonies with a presumptive term of three years and a maximum term of ten years, had to be treated as one offense for sentencing purposes. *State v. Tolley,* 271 N.C. 459, 156 S.E. 2d 858 (1967). Before sentencing the defendant to a term of eight years, the court found two factors in aggravation, one in mitigation, and that the aggravating factors outweighed the mitigating factor. One of the factors in aggravation was that the offense of breaking or entering was committed for hire or pecuniary gain. Our Supreme Court has held that this factor can be properly found only when the evidence shows "that defendant was hired or paid to commit the crime." *State v. Abdullah,* 309 N.C. 63, 77, 306 S.E. 2d 100, 108 (1983). Since there was no such evidence in the present case, the finding was erroneous and defendant must be re-sentenced.

[2] But the defendant's other contention that the court erred in requiring restitution for one of the victims of his lawless acts in

the amount of $400 is without merit. The victim's coin-operated machines were out of operation for four months and the court found that that was the net amount lost as a consequence. This finding was based on the victim's estimate that the net business loss for the period involved was "four or five hundred dollars." Though the basis for the estimate was not fully stated, the defendant neither objected to this evidence nor attempted to diminish its effect by cross-examination. Under the circumstances, therefore, its weight was for the court, and it is sufficient to support the order entered.

Remanded for re-sentencing.

Judges WELLS and BRASWELL concur.